[Civ. No. 50576. First Dist., Div. Three. Aug. 26, 1981.]

RACHEL HOOPER et al., Plaintiffs and Appellants, v.
GEORGE DEUKMEJIAN, as Attorney General, etc., et al.,
Defendants and Respondents.

COUNSEL

Peter E. Sheehan, Pauline Gee and Clifford C. Sweet for Plaintiffs and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien and William D. Stein, Assistant Attorneys General, Karl S. Mayer, Caren Dorshkind and Jean M. Bordon, Deputy Attorneys General, for Defendants and Respondents.

OPINION

WHITE, P. J.—Plaintiffs and appellants appeal from the judgment dismissing their complaint which was entered after the trial court sustained the demurrer with leave to amend of defendants and respondents, and plaintiffs did not amend their complaint. The controversy in the instant case centers on the statutory scheme that was enacted by the Legislature in 1975 and 1976 which covers the treatment of marijuana offenses and offenders. (Stats. 1975, ch. 248, pp. 641-649; Stats. 1976, ch. 952, pp. 2177-2180.) This legislation provides that persons convicted of certain marijuana-related offenses and who have served their sentences and persons arrested for certain marijuana-related offenses may not be further penalized on account of their marijuana convictions or arrests. The principal issue presented in this case is whether the benefits afforded by this legislation are applicable to a person convicted of maintaining a place for the use or sale of a narcotic (Health & Saf. Code, § 11366, formerly Health & Saf. Code, § 11557) when that person's conviction was stipulated or designated to be a lesser included offense of the offense of possession of marijuana.

*Parties*

Plaintiffs and appellants herein are Rachel Hooper and John Doe. It is alleged in the complaint that John Doe is a resident of the City of Oakland and is proceeding under an anonymous name. John Doe is suing on his own behalf and on behalf of all others similarly situated. John Doe "represents the class of all individuals who, prior to 1969, had been convicted of maintaining a place for the sale or use of a narcotic when said offense was designated as or stipulated to be, a lesser included offense of possession of marijuana." It is alleged in the complaint that Rachel Hooper is a resident of the County of Alameda and is a taxpayer of the State of California.

The complaint names as defendants George Deukmejian, the California State Personnel Board (hereafter referred to as the Board) and the individual members of the Board. It is alleged that Deukmejian is the Attorney General of the State of California and the Chief of the California Department of Justice. Deukmejian is responsible for the collection, storage, dissemination, destruction and obliteration of "state summary criminal history information" (hereafter referred to as arrest record) (Pen. Code, § 11105.). It is further alleged that the Board, a state agency, and its members are charged with "administering the

California Civil Service Act and regulations promulgated thereunder including those governing the application procedures and information to be supplied by individuals desiring to work under the California Civil Service System."

### Rules Pertaining to Our Review

■ A trial court abuses its discretion in sustaining a demurrer *without* leave to amend, if there is a reasonable possibility that a defect in the complaint can be cured by amendment or if the pleading can be liberally construed to state a cause of action. (*Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 118 [113 Cal.Rptr. 102, 520 P.2d 726]; *La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 876 [97 Cal.Rptr. 849, 489 P.2d 1113]; *Baldwin* v. *Marina City Properties, Inc.* (1978) 79 Cal.App.3d 393, 414 [145 Cal.Rptr. 406].) ■ When the trial court sustains a demurrer *with* leave to amend and the plaintiff elects not to do so, the presumption is that he has stated as strong a case as he can; and in determining whether or not the trial court abused its discretion, we must resolve all ambiguities and uncertainties raised by the demurrer against the plaintiff. (*Archibald* v. *Cinerama Hawaiian Hotels, Inc.* (1977) 73 Cal.App.3d 152, 155-156 [140 Cal.Rptr. 599]; *Gonzales* v. *State of California* (1977) 68 Cal.App.3d 621, 635 [137 Cal.Rptr. 681]; *Hiemstra* v. *Huston* (1970) 12 Cal.App.3d 1043, 1045 [91 Cal.Rptr. 269]; *Hilltop Properties, Inc.* v. *State of California* (1965) 233 Cal.App.2d 349, 361-362 [43 Cal.Rptr. 605, 37 A.L.R.3d 109].) When a plaintiff elects not to amend a complaint after a demurrer has been sustained with leave to amend, if the complaint is objectionable on any ground raised by the demurrer, the judgment of dismissal must be affirmed. (*Gonzales* v. *State of California, supra*, 68 Cal.App.3d at p. 635; *Hiemstra* v. *Huston, supra*, 12 Cal.App.3d at p. 1045.) ■ However, most objections to a pleading are waived if not raised by way of demurrer or answer. "If the party against whom a complaint or cross-complaint has been filed fails to object to the pleading, either by demurrer or answer, he is deemed to have waived the objection unless it is an objection that the court has no jurisdiction of the subject of the cause of action alleged in the pleading or an objection that the pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.80.) ■ Whether the demurrer is sustained with or without leave to amend, "[a] demurrer admits all material and issuable facts properly pleaded. [Citations.] However, it does not admit contentions, deductions or conclusions of fact or law alleged therein." (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.

Rptr. 724, 433 P.2d 732].) In order for us to properly perform our duty to review the propriety of the order sustaining the demurrer with leave to amend in the instant case, it is necessary to set out the allegations contained in the complaint and the grounds for the demurrer.

*Allegations Contained in the Complaint*

1. *First Cause of Action.*

John Doe alleges in November of 1967 he was arrested in San Diego because he was in possession of four marijuana cigarettes. Subsequently, an information was filed charging Doe with possession of marijuana, a felony (former Health & Saf. Code, § 11530). Doe entered a plea of not guilty. On April 29, 1968, Doe withdrew his plea of not guilty to the possession of marijuana charge and entered a plea of guilty to a violation of former Health and Safety Code section 11557 (opening or maintaining any place for the selling, giving away or using of a narcotic). It was adjudicated that the violation of former Health and Safety Code section 11557 was a misdemeanor, and the violation "was designated as, and stipulated to be, a lesser included offense to the charge of possession of marijuana." Doe was placed on probation which he satisfactorily completed in 1970 and in August of 1970 Doe's conviction was set aside pursuant to Penal Code section 1203.4.

The sole reason for Doe's withdrawal of his plea of not guilty to the possession of marijuana charge and the entry and acceptance of his guilty plea to a violation of former Health and Safety Code section 11557 and the stipulation and designation of said offense as a lesser included offense of possession of marijuana, was to afford the court the option of sentencing Doe as a misdemeanant. Doe did not violate former Health and Safety Code section 11557.

Between 1965 and the end of 1968 more than 90,000 individuals were arrested for felony marijuana offenses. Plaintiffs are informed and believe that during this period approximately 1,500 individuals entered guilty pleas to violating former Health and Safety Code section 11557 after being charged with possession of marijuana.

At the time Doe was arrested and convicted the punishment for possession of marijuana was imprisonment in state prison for one to ten years. "The only method at that time by which a court could classify and punish a defendant charged with possession of marijuana as a nar-

cotics misdemeanant was by means of a defendant's plea to some lesser offense, such as maintaining a place where narcotics are used, which was then classified as a misdemeanor."

In 1972 Doe applied for a position as a janitor with a governmental agency. Doe was initially notified by the agency that he had passed the relevant examination for the position and that his name had been placed on the eligible list for the position. Subsequently the agency disqualified Doe from employment solely on the basis of his conviction for a violation of former Health and Safety Code section 11557.

The policy of the Board is to require the disclosure of and to consider convictions of former Health and Safety Code section 11557 which were stipulated to be lesser included offenses of possession of marijuana. The employment application form used by the Board asks: "'Have you ever been convicted by any court of an offense? The following need not be reported: ... Any conviction specified in Health and Safety Code section 11361.5. This section pertains to various marijuana offenses.'" Doe and members of the class wish to apply to the Board and other employers but do not wish to disclose their convictions or have their convictions considered in evaluating them for employment.

Deukmejian maintains and disseminates an arrest record which contains the entry that Doe was convicted of former Health and Safety Code section 11557 which was designated as and stipulated to be a lesser included offense of possession of marijuana. Doe requested Deukmejian to destroy or obliterate records of his conviction of former section 11557 and Deukmejian refused to do so. Deukmejian has adopted a policy pursuant to which he will not obliterate or destroy records of convictions of former section 11557 which were stipulated to be lesser included offenses of possession of marijuana.

Doe and members of his class have no adequate legal remedy at law and therefore seek injunctive relief against defendants.

2. *Second Cause of Action.*

In the second cause of action plaintiff Rachel Hooper alleges she is a resident of the County of Alameda and a taxpayer of the State of California. The second cause of action incorporates by reference the allegations of the first cause of action.

Hooper alleges that Deukmejian, the Board, its members and their agents have either permitted or authorized the reimbursement or expenditure of public money and time in enforcing and applying their alleged respective policies. This expenditure of public time and money is illegal and unconstitutional. Hooper alleges that unless defendants are enjoined and restrained, the expenditure of public time and money will waste state funds in an amount difficult to ascertain and impossible to recover and will therefore injure Hooper and other taxpayers in a manner not susceptible to redress by pecuniary compensation.

### 3. *Third Cause of Action.*

In the third cause of action, plaintiffs reallege the allegations of the first and second causes of action. Plaintiffs state that an actual controversy exists between plaintiffs and defendants in that plaintiffs contend that the alleged policies of defendants are unconstitutional and void and defendants maintain that their alleged policies are constitutional and valid. Plaintiffs state that they desire a judicial determination of their rights and duties and a declaration as to whether their interpretations of the validity of defendants' policies are correct.

### The Demurrer

Defendants demurred to each of the three causes of action alleged in the complaint on the ground that plaintiffs failed to state facts sufficient to constitute a cause of action. Defendants demurred to the first and second causes of action alleged in the complaint on the ground that the trial court had no jurisdiction over any of the claims of plaintiffs for an injunction as "this Court has no jurisdiction to order state officials to destroy state summary criminal history records and as this Court has no jurisdiction to enjoin state officials from acting pursuant to applicable and valid state statutory provisions."

### Statutory Scheme

In order to place the allegations of the complaint and the grounds for the demurrer in perspective, it is useful at the outset to outline some of the more pertinent statutory provisions.

### 1. *Marijuana Reform Legislation.*

In 1975 and 1976, the Legislature enacted legislation which substantially modified previous California law with respect to the treatment of

marijuana offenses and offenders. (*People* v. *Boyd* (1979) 24 Cal.3d 285, 289-290 [155 Cal.Rptr. 367, 594 P.2d 484]; *Governing Board* v. *Mann* (1977) 18 Cal.3d 819, 826-828 [135 Cal.Rptr. 526, 558 P.2d 1].) This marijuana reform legislation consists of Health and Safety Code sections 11361.5 and 11361.7 and Labor Code section 432.8.

Subdivision (b) of section 11361.5 of the Health and Safety Code[1] provides that the Department of Justice shall upon sufficient application destroy "records of conviction and arrests not followed by conviction occurring prior to January 1, 1976, for any of the following offenses: [¶] (1) Any violation of Section 11357 [possession of marijuana] or a statutory predecessor thereof. [¶] (2) Unlawful possession of a device, contrivance, instrument or paraphernalia used for unlawfully smoking marijuana, in violation of Section 11364, as it existed prior to January 1, 1976, or a statutory predecessor thereof. [¶] (3) Unlawful visitation or presence in a room or place in which marijuana is being unlawfully smoked or used, in violation of Section 11365, as it existed prior to January 1, 1976, or a statutory predecessor thereof. [¶] (4) Unlawfully using or being under the influence of marijuana, in violation of Section 11550, as it existed prior to January 1, 1976, or a statutory predecessor thereof."

Subdivision (a) of section 11361.7 declares in relevant part that "Any record subject to destruction or permanent obliteration pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person."

Subdivision (b) of section 11361.7 provides in essence that no public agency shall deny, revoke, or condition any license, privilege, or right because of an arrest or conviction of any offense specified in subdivision (a) or (b) of section 11361.5.

Subdivision (c) of section 11361.7 provides: "Any person arrested or convicted for an offense specified in subdivision (a) or (b) of Section 11361.5 may, two years from the date of such a conviction, or from the

---

[1]The provisions of subdivision (a) of section 11361.5 of the Health and Safety Code are not pertinent to the instant case. Subdivision (a) provides for the automatic destruction of records of arrests and convictions of certain marijuana-related offenses occurring after January 1, 1976.

date of the arrest if there was no conviction, indicate in response to any question concerning his prior criminal record that he was not arrested or convicted for such offense."

Subdivision (d) of section 11361.7 provides: "The provisions of this section shall be applicable without regard to whether destruction or obliteration of records has actually been implemented pursuant to Section 11361.5."

Labor Code section 432.8 prohibits a public or private employer from inquiring about or considering a record of conviction "for violation of subdivision (b) or (c) of Section 11357 of the Health and Safety Code or a statutory predecessor thereof, or subdivision (c) of Section 11360 of the Health and Safety Code, or Section 11364, 11365, or 11550 of the Health and Safety Code as they related to marijuana prior to January 1, 1976, or a statutory predecessor thereof, two years from the date of such a conviction."

In summary the marijuana reform legislation (1) mandates the destruction of records of certain marijuana-related convictions and arrests (Health & Saf. Code, § 11361.5, subds. (a) and (b)); (2) renders the records untimely and irrelevant (Health & Saf. Code, § 11361.7, subd. (a)); (3) prohibits governmental agencies from considering such records (Health & Saf. Code, § 11361.7, subd. (b)); (4) prohibits a public or private employer from inquiring about or considering such records (Lab. Code, § 432.8); and (5) allows an individual to state he was not arrested or convicted in response to inquiries concerning such a record (Health & Saf. Code, § 11361.7, subd. (c)).

2. *Former Health and Safety Code Section 11557 (Currently Health and Safety Code Section 11366).*

At the time of plaintiff Doe's conviction former Health and Safety Code section 11557 provided: "Every person who opens or maintains any place for the purpose of unlawfully selling, giving away or using any narcotic shall be punished by imprisonment in the county jail for not more than one year, or in the state prison for not more than 10 years. [¶] If such a person has been previously convicted of any offense described in this division or has been previously convicted of any offense under the laws of any other state or of the United States which if committed in this State would have been punishable as an offense described in this division, the previous conviction shall be charged in the indict-

ment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or is admitted by the defendant, he shall be imprisoned in the state prison for not less than two years nor more than 20 years." (Stats. 1959, ch. 1112, § 11, p. 3196.)

Former Health and Safety Code section 11557 is a statutory predecessor of Health and Safety Code section 11366. Section 11366 provides: "Every person who opens or maintains any place for the purpose of unlawfully selling, giving away, or using any controlled substance which is (1) specified in subdivision (b) or (c) of Section 11054, specified in paragraph (10), (11), (12), or (17) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or (2) which is a narcotic drug classified in Schedule III, IV or V, shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison." Marijuana is specified as a controlled substance in paragraph (10) of subdivision (d) of section 11054 of the Health and Safety Code. Rather than set out all the controlled substances and narcotic drugs which are covered by Health and Safety Code section 11366, it is sufficient for our purposes to note that they range from heroin to marijuana.

*Issues Presented and Summary*

 As stated at the outset, the principal issue presented by this case is whether the substantial benefits afforded by the marijuana reform legislation are applicable to an individual charged with possession of marijuana but who entered a plea of guilty to a violation of former Health and Safety Code section 11557 and the violation of section 11557 was stipulated or designated to be a lesser included offense of the offense of possession of marijuana. In order to resolve this issue, we next consider the parties' respective contentions.

1. *Plaintiffs' Position.*

Plaintiffs assert that the language of the reform legislation is sufficiently broad, given the purpose of the legislation and the serious constitutional questions presented, to encompass former Health and Safety Code section 11557 convictions which were designated or stipulated to be lesser included offenses of possession of marijuana. Plaintiffs contend that if the marijuana reform legislation cannot be read in such a broad manner, the California and federal constitutional guarantees of

equal protection, privacy and due process mandate that the benefits of the legislation be extended to plaintiff Doe and the members of the class he represents. Plaintiffs claim since the California and United States Constitutions require that they be afforded the benefits of the marijuana reform legislation, defendants' policies of denying plaintiffs such benefits are unconstitutional and void.

It should be noted that plaintiffs do *not* contend that all individuals convicted of violating former Health and Safety Code section 11557 are entitled to the benefits of the marijuana reform legislation; rather plaintiffs' contentions are limited to whether the benefits of the legislation are applicable to an individual who was convicted of violating former section 11557 after entering a plea of guilty and the 11557 violation was stipulated or designated to be a lesser included offense of possession of marijuana.

2. *Defendants' Position.*

Defendants assert that the complaint is deficient in the following particulars: (1) the failure to allege any conduct whatsoever by defendant Board with respect to plaintiff Doe and the members of the class which he represents; (2) the failure to establish the standing of plaintiff Hooper; and (3) the failure to establish the jurisdictional authority of the court to grant injunctive relief against defendant Deukmejian.

Further, defendants claim even if the deficiencies in the complaint mentioned above were not present, plaintiffs have failed to state a cause of action. Defendants point out that in *People v. West* (1970) 3 Cal.3d 595, 611-612 [91 Cal.Rptr. 385, 477 P.2d 409], the California Supreme Court stated, "A violation of Health and Safety Code section 11557 (opening or maintaining a place for the selling, giving away or using of a narcotic) is not an offense necessarily included in a violation of section 11530 (possession of marijuana)." Defendants state that a violation of former section 11557 (now covered by § 11366) of the Health and Safety Code can include opening or maintaining a place wherein any number of "hazardous drugs" are sold, used or given away. Defendants set out this proposition as follows: "A violation can include the operation of a large scale illicit drugstore or distribution center. In short, a violation can include situations involving serious criminal conduct which pose serious risks to the health and safety of others." Therefore, defendants conclude that the "determination by the Legislature that a record of a conviction of former section 11557 is not to be subject to destruc-

tion on request and that employers are not to be precluded from access to records of such convictions is not only rational but is supported by compelling state interest."

Defendants assert that there is no allegation in the complaint that Doe's arrest record maintained by defendant Deukmejian contains the stipulation that Doe's conviction of former section 11557 was to be treated as a lesser included offense of the possession of marijuana. Accordingly, defendants reason that not only does the court not have jurisdiction to direct defendant Deukmejian to destroy Doe's records, but there is also no sufficient factual basis for such a remedy. Defendants claim that defendant Deukmejian does not have the authority to look behind a conviction.

In regard to plaintiffs' claim against the Board and its members, defendants assert "there is no allegation that the [defendant] Board or its members has denied plaintiff Doe or any other persons employment because of a conviction under former section 11557 which was stipulated to be a lesser included offense of possession of marijuana. The application form provided by the Board affords an applicant an opportunity to explain any such circumstance occasioning such a violation. The conclusionary allegation that the Board considers such an offense could mean nothing more than that the Board looks at the application form and then disregards the offense."

### The Language of the Marijuana Reform
### Legislation as Applied to Doe and
### Members of the Class He Represents

Plaintiffs contend that although the marijuana reform legislation does not expressly refer to "lesser included marijuana offenses its language is sufficiently broad, after application of relevant rules of statutory construction, to encompass such offenses." Plaintiffs assert that the following language (and particularly the italicized words) from subdivision (b) of section 11361.5 supports their contention: "This subdivision shall be applicable only to records of convictions and arrests not followed by conviction occurring prior to January 1, 1976, for *any* of the following *offenses*: [¶] (1) *Any violation* of Section 11357 [possession of marijuana] or a statutory predecessor thereof." (Italics added.) Plaintiffs reason that the italicized words can be read to encompass lesser included offenses. Plaintiffs' next premise is that lesser included offenses also encompass offenses that were stipulated to be

lesser included offenses although not technically regarded as lesser included offenses. Plaintiffs assert that their interpretation is supported by the legislative purpose in enacting the marijuana reform legislation. Defendants, on the other hand, assert that this court should not indulge in statutory construction because the statutory language contained in the marijuana reform legislation is clear and unambiguous.

In resolving this issue we must look to the rules pertaining to statutory construction. The principal rule has been stated by the California Supreme Court as follows: "When statutory language is thus clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) The plain meaning of a statute has been disregarded when the plain meaning "would have inevitably resulted in 'absurd consequences' or frustrated the 'manifest purposes' of the legislation as a whole." (*People* v. *Boyd, supra,* 24 Cal.3d 285, 294.) This same proposition has been articulated in several ways. "The apparent purpose of a statute will not be sacrificed to a literal construction." (*Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].) "'When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no "rule of law" which forbids its use, however clear the words may appear on "superficial examination."'" (*Train* v. *Colorado Pub. Int. Research Group* (1976) 426 U.S. 1, 10 [48 L.Ed.2d 434, 441, 96 S.Ct. 1938].)

Two other rules of statutory construction must be considered in resolving this issue. First, where a statute is theoretically capable of more than one construction, the "'legislation should be construed, if reasonably possible, to preserve its constitutionality ...' and thus avoids the constitutional issue inherent in a contrary construction." (*Department of Corrections* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 197, 207 [152 Cal.Rptr. 345, 589 P.2d 853]; see also *California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 844 [157 Cal. Rptr. 676, 598 P.2d 836].) Second, a "remedial statute of this type should be liberally construed to promote the underlying public policy. If the meaning is doubtful, the statute must be construed as to extend the remedy." (*People* v. *White* (1978) 77 Cal.App.3d Supp. 17, 21 [144 Cal.Rptr. 128]; see also *Alford* v. *Pierno, supra,* 27 Cal.App.3d 682, 688.)

The marijuana reform legislation applies to "*Any violation* of section 11357 [possession of marijuana] or a statutory predecessor thereof."

(Health & Saf. Code, § 11361.5, subd. (b)(1), italics added.) Plaintiffs state: "'Any' is ordinarily defined as 'some; one out of many . . . and is given the full force of "every" and "all."' Black's Law Dictionary." Plaintiffs do not dispute that a violation of former Health and Safety Code section 11557 (or its successor, § 11366) "is not an offense necessarily included in a violation of [former] section 11530 (possession of marijuana)." (*People* v. *West, supra,* 3 Cal.3d 595, 611-612.) However, plaintiffs assert that the phrase "any violation" is broad enough to include both a necessarily included offense and an offense that was stipulated to be a lesser included offense to the charge of possession of marijuana. Plaintiffs argue that this construction of what offenses and offenders are afforded the benefits of the marijuana reform legislation is mandated by the purpose of the legislation.

The California Supreme Court has discussed on at least two occasions the purpose of the marijuana reform legislation. "This comprehensive reform legislation represented a conscious and substantial modification of California's past public policy which frequently equated marijuana offenses with much more serious drug offenses." (*Governing Board* v. *Mann, supra,* 18 Cal.3d 819, 826.) The California Supreme Court in *Mann* proceeded to set out the purpose of the provision of the marijuana reform legislation which prohibits governmental agencies from considering marijuana-related convictions and arrests. "The purpose of section 11361.7, subdivision (b) could not be clearer. As the extensive committee reports leading to the enactment of the new marijuana law reveal, one of the most significant arguments advanced in favor of the reform of marijuana laws was that under prior statutes persons convicted of relatively minor. marijuana offenses were subjected to disproportionately severe sanctions, both criminal *and* civil; prime examples cited by the legislative committee included dismissal from employment and the loss of professional credentials. [Citation.] In enacting section 11361.7, subdivision (b) the Legislature met this problem directly, providing in the broadest terms possible that public agencies may not impose any collateral sanctions on individuals on the basis of the possession of marijuana convictions or arrests encompassed by the statute." (*Id.,* at pp. 827-828.) In *Younger* v. *Superior Court* (1978) 21 Cal.3d 102, 113 [145 Cal.Rptr. 674, 577 P.2d 1014], the California Supreme Court discussed the overall purpose of the marijuana reform legislation as follows: "As we noted in another connection, the purpose of this legislation is to minimize or eliminate the lingering social stigma flowing from what is now perceived to be a relatively minor form of criminal activity. [Citation.] The intent is to insure that once the of-

fender has paid his prescribed debt to society, he not be further penalized by curtailment of his opportunities for rehabilitation, education, employment, licensing, and business or professional advancement."

Given the purpose of the marijuana reform legislation, the construction proposed by plaintiffs has appeal. Plaintiff Doe and the members of the class he represents were arrested, charged and convicted on account of the same "relatively minor form of criminal activity" toward which the marijuana reform legislation is directed. It could be said to construe the legislation to deny plaintiffs the benefit of the legislation merely because they entered a plea to a similar offense so they could be sentenced as a misdemeanant would frustrate the purpose of the legislation. The following comments of the California Supreme Court lend support to plaintiffs' position: "The present case illustrates this use of plea bargaining to achieve a more just result. As of May 7, 1968, when defendant entered his plea, the punishment for possession of marijuana in the absence of an allegation of a prior narcotic offense was imprisonment in the state prison for one to ten years. (Stats. 1961, ch. 274, § 7.) Because of widespread public criticism of the undue harshness of this mandatory treatment of possession of marijuana as a felony, the Legislature on August 24, 1968, amended section 11530 to permit the court to hold that a violation of that section constituted a felony-misdemeanor (Stats. 1968, ch. 1465, § 1). In *People* v. *Francis* (1969) 71 Cal.2d 66, 75 . . ., we held this amendment to be applicable to all cases in which judgment had not become final before its effective date. As of May 1968, however, the only method by which the court could classify and punish defendant as a narcotics misdemeanant was by means of a defendant's plea to some lesser offense, such as maintaining a place where narcotics are used, then classifiable as a misdemeanor." (*People* v. *West, supra*, 3 Cal.3d 595, 605, fn. 5.)

It could also be said that to deny plaintiffs the benefits of the marijuana reform legislation causes an absurd result. Plaintiffs entered a plea to violating former Health and Safety Code section 11557 in order "to achieve a more just result"—to avoid "the undue harshness of [the] mandatory treatment of possession of marijuana as a felony." The marijuana reform legislation was enacted for the same reason. Plaintiffs engaged in criminal conduct that is covered by the legislation, but because they entered a plea to a similar offense so a lesser punishment could be imposed, defendants state the legislation clearly does not apply to plaintiffs.

Two of the above-mentioned statutory construction rules support plaintiffs construction of the legislation. First, a statute should be construed, if possible, to preserve its constitutionality. Second, a remedial statute should be liberally construed so as to extend the remedy.

Conversely, the *principal rule* of statutory construction admonishing against judicial construction of "clear and unambiguous" statutes (*Solberg* v. *Superior Court, supra*, 19 Cal.3d 182, 198) supports defendant's assertion. (See p. 1003, *ante.*) The statutory language of the marijuana reform legislation is clear and unambiguous. Health and Safety Code sections 11361.5 and 11361.7 and Labor Code section 432.8 are summarized and set out in part hereinabove, commencing on page 997 under the heading "Statutory Scheme." It is difficult to see how the Legislature could have been clearer in specifying the offenses which are subject to these code sections. It is clear that former Health and Safety Code section 11557 and its successor, section 11366, do not come within the provisions of the marijuana reform legislation. A violation of former section 11557 (or its successor, § 11366) is not an offense necessarily included in possession of marijuana. (*People* v. *West, supra*, 3 Cal.3d 595, 611-612.) The language of subdivision (b) of section 11361.5 of Health and Safety Code which refers to "*Any violation* of Section 11357 [possession of marijuana]," (italics added) clearly does not refer to a violation which is not a lesser included offense of possession of marijuana.

██ However, this court can uphold defendants' assertion that the Legislature excluded plaintiff Doe and members of the class he represents from the benefits of the statutory scheme at issue only if we find that exclusion to be constitutional. We now proceed to determine whether defendants' position will pass constitutional muster.

### Equal Protection

Plaintiffs assert that even if the language of the marijuana reform legislation is not broad enough to include an offense that was stipulated to be a lesser included offense of possession of marijuana, the California and United States constitutional guarantee of equal protection of the law mandates that the benefits of the marijuana reform legislation be extended to plaintiff Doe and the members of the class he represents. Plaintiffs contend that there is no compelling state interest or rational basis for denying plaintiff Doe and the members of the class he represents the benefits of the marijuana reform legislation.

Plaintiffs claim that defendants' policies regarding an interpretation of the marijuana reform legislation create "several distinct levels of classification or discrimination. First, with respect to the period prior to 1969 the policy divides individuals who were charged with felony possession of marijuana into two groups": (1) Individuals who were convicted of felony possession of marijuana, even if subsequently incarcerated in a state prison, are afforded the benefits of the marijuana reform legislation; (2) individuals, such as plaintiff Doe and members of the class he represents, who were charged with felony possession of marijuana but who were convicted of a lesser offense that was stipulated to be a lesser included offense of possession of marijuana (but which is not by legal definition considered to be a lesser included offense), are denied the benefits of the marijuana reform legislation.

Plaintiffs further contend that defendants' interpretation of the legislation draws a distinction between individuals convicted of an offense because of marijuana-related activity prior to 1969 and individuals convicted after 1969. In August of 1968 the Legislature amended former section 11530 of the Health and Safety Code (possession of marijuana) to provide that a violation of section 11530 could be treated as a misdemeanor. (Stats. 1968, ch. 1465, § 1, pp. 2930-2931.) This amendment became effective on November 13, 1968. For the sake of convenience we will use 1969 as the "dividing line" but we assume that plaintiffs are referring to the effective date of the above-mentioned amendment to former section 11530. Plaintiffs point out that (1) individuals charged with felony possession of marijuana prior to 1969 and who entered a plea to a violation of former Health and Safety Code section 11557 in order to be sentenced as a misdemeanant, are not entitled to the benefits of the marijuana reform legislation; but (2) individuals charged with possession of marijuana after 1969 can be convicted of a misdemeanor violation of possession of marijuana and are entitled to the benefits of the legislation.

Plaintiffs set out the following examples to illustrate their position: "1. Doe is arrested for felony possession [of marijuana] in 1968 but allowed to plead guilty [to a violation of former section 11557] which is designated a misdemeanor;

"2. Doe is arrested for felony possession [of marijuana] in 1968, convicted of that offense, and incarcerated in state prison;

"3. Doe is arrested in January of 1975 for possession of marijuana and . . . allowed to plead to misdemeanor possession;

"4. Doe is arrested in January of 1975 for possession of marijuana, convicted of felony possession of marijuana, and incarcerated in state prison."

Plaintiffs assert that under defendants' interpretation of and policies regarding the marijuana reform legislation, the only person denied the benefits of the legislation is "Doe" in the first example.

 "[O]nce the Legislature has determined to afford judicial relief to a class of persons, the limitation is invalid unless there is a rational basis [or a compelling state interest] for denying the right to seek relief to persons not in the described class." (*McMahon* v. *Municipal Court* (1970) 6 Cal.App.3d 194, 199 [85 Cal.Rptr. 782].) "'In light of the purposes and history of a particular statute or an overall statutory scheme a reviewing court may correct a discriminatory classification by invalidating the invidious exemption and thus extending statutory benefits to those whom the Legislature unconstitutionally excluded.'" (*Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 92 [106 Cal.Rptr. 786, 507 P.2d 90].)

Before deciding whether or not the marijuana reform legislation violates the equal protection clauses of the United States and California Constitutions, we must look at the tests employed in reviewing legislative classification. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 16 [112 Cal.Rptr. 786, 520 P.2d 10]; *People* v. *Ryser* (1974) 40 Cal.App.3d 1, 6 [114 Cal.Rptr. 668].) "When a classification is based upon a 'suspect' category (race, creed, sex, wealth, etc.) or touches upon a 'fundamental interest,' it is subject to 'strict scrutiny' and 'active and critical analysis' by the court. The state then 'bears the burden of establishing not only that it has a *compelling* interest which justifies the law but that the distinctions drawn by the law are *necessary* to further its purpose.'" (*People* v. *Ryser, supra*, at p. 6.) In the absence of a suspect category or fundamental interest, it must be determined whether the legislative classification rationally relates to a legitimate state interest. (*Newland* v. *Board of Governors* (1977) 19 Cal.3d 705, 711 [139 Cal.Rptr. 620, 566 P.2d 254].) "Neither our cases nor those of the United States Supreme Court have settled on a particular verbal formula to express this proposition. Some decisions require that the classification "'bear some rational relationship to a conceivable

legitimate state purpose"' [citation]; others, that the classification must rest upon 'some ground of difference having a fair and substantial relation to the object of the legislation' [citations]. [¶] We do not find it necessary to determine whether these alternative formulas differ in substance as well as in language, nor to decide which of them is the 'correct' constitutional standard. All of the formulas require the court to conduct 'a serious and genuine judicial inquiry into the correspondence between the classification and the legislative goals' ...." (*Newland* v. *Board of Governors, supra*, at p. 711; see also *Cooper* v. *Bray* (1978) 21 Cal.3d 841, 847-848 [148 Cal.Rptr. 148, 582 P.2d 604].)

In *People* v. *Ryser, supra*, 40 Cal.App.3d 1, 7-8, the court found that strict scrutiny was the appropriate standard to test the validity of a classification excluding certain individuals from the record sealing benefits of Penal Code section 1203.45. Defendant in *Ryser* argued "that Penal Code section 1203.45 violates his right to equal protection of the law because it singles out the misdemeanant possessor of marijuana to deny him the same sealing privilege that is granted to other misdemeanant offenders whose crimes may include elements of violence or property damage and loss." (*Id.*, at p. 6.) The court in *Ryser* noted that Penal Code section 1203.45 was remedial rather than penal in nature and "was obviously enacted to achieve the salutary purpose of ameliorating the harsh and life-long social economic handicaps that accrue to persons under 21 who are convicted of a single misdemeanor offense—an act most frequently reflecting immature judgment or youthful irresponsibility rather than a criminal bent or disposition." (*Id.*, at p. 7.) The court in concluding strict scrutiny was the proper standard for reviewing the classification created by Penal Code section 1203.45 stated, "Defendant's exclusion from the sealing privilege effectively shackles him to a lifetime in the rogue's gallery. When on school, employment, credit or other applications he is queried as to any arrest or conviction of crime, he must respond affirmatively, and undergo the embarrassment of explanation and possible rejection thereof. By any judicially declared criteria, such exclusion involves a fundamental interest." (*Id.*, at pp. 7-8; see also *People* v. *Pruett* (1975) 51 Cal.App. 3d 329, 331-332 [124 Cal.Rptr. 273].)

In *Newland*, the California Supreme Court found that the classification created by Education Code section 13220.16 and Penal Code section 4852.01 denied plaintiff equal protection of the law under the "restrained" rational basis standard for review and therefore found it

unnecessary to decide whether the classification was subject to the strict scrutiny standard of review. (*Newland* v. *Board of Governors, supra,* 19 Cal.3d 705, 711, fn. 8; see also *Cooper* v. *Bray, supra* 21 Cal.3d 841, 847.) Following the example of the California Supreme Court, we refrain from deciding whether the strict scrutiny standard is applicable to review the classifications created by the marijuana reform legislation, since the rational basis standard will suffice to demonstrate the unconstitutionality of the classifications in question.

We will now "conduct 'a serious and genuine judicial inquiry into the correspondence between the classification and the legislative goals'. . . ." (*Newland* v. *Board of Governors, supra,* 19 Cal.3d at p. 711.) As we noted earlier, the purpose of the marijuana reform legislation "is to minimize or eliminate the lingering social stigma flowing from what is now perceived to be a relatively minor form of criminal activity." (*Younger* v. *Superior Court, supra,* 21 Cal.3d 102, 113.) Plaintiff Doe and the members of the class he represents engaged in the "relatively minor form of criminal activity" (possession of marijuana) to which the legislation is directed. We must determine if plaintiff Doe and the members of the class can constitutionally be denied the benefits of the legislation merely because they entered a plea of guilty to a violation of former section 11557 (which is not technically a lesser included offense of possession of marijuana but at the time they entered their pleas was stipulated to be a lesser included offense of possession of marijuana) in order to be sentenced as a misdemeanant.

Defendants argue that the classifications created by the marijuana reform legislation are rationally related to a legitimate state interest. Defendants assert that individuals who were convicted of violating former section 11557 can constitutionally be denied the benefits of the marijuana reform legislation because "a violation [of former § 11557] can include opening or maintaining a place wherein any number of hazardous drugs are sold, used, or given away . . . . A violation can include the operation of a large scale illicit drugstore or distribution center. In short, a violation can include situations involving serious criminal conduct which pose serious risks to the health and safety of others." Defendants, therefore, conclude that a conviction of violating former section 11557 "could have a clear relationship to the fitness of the applicant for employment." *This argument overlooks the simple fact that plaintiff Doe does not represent all individuals convicted of violating former section 11557, but only those individuals whose conviction of former section 11557 was stipulated to be a lesser included offense of*

*possession of marijuana.* If plaintiff Doe represented all individuals convicted of violating former section 11557, defendants' argument might have merit.[2]

Defendant Deukmejian asserts that there is no allegation in the complaint that the arrest records of plaintiff Doe and the members of the class he represents, which the Department of Justice maintains (Pen. Code, § 11105), contain the stipulation that their violations of former section 11557 was to be regarded as a lesser included offense of possession of marijuana. Defendant Deukmejian contends that without this allegation, plaintiffs have failed to state a cause of action against him because the marijuana reform legislation "does not provide that the Department of Justice may redetermine the offense of which the subject was actually guilty. Moreover, had the Legislature so provided or had the Department of Justice assumed such a function, it would be a clear and obvious impingement upon the judicial powers and a violation of the state constitutional provisions on the separation of powers."

First, defendant Deukmejian did not object in the trial court that the complaint was insufficient without such an allegation. If defendant Deukmejian had objected on this ground, plaintiffs might have elected to amend the complaint. At the outset of this opinion we stated we are only required to resolve ambiguities and uncertainties against plaintiffs that were raised by the demurrer. (*Ante*, p. 994.) Furthermore, the following allegation appears in the complaint: "Defendant Deukmejian maintains and disseminates an arrest record containing entries that Doe has been convicted of a lesser included marijuana offense." "Lesser included marijuana offense" is defined in the complaint as "all criminal convictions for maintaining a place for the sale or use of a narcotic which are designated as or stipulated to be, a lesser included offense of possession of marijuana." It therefore appears that the complaint does allege, although ambiguously, that the arrest records maintained by defendant Deukmejian contain the stipulation that the violation of former section 11557 is to be regarded as a lesser included offense of possession of marijuana.

---

[2]In *Newland*, the California Supreme Court considered a remedial statute which granted relief to felons but denied the relief to misdemeanants. The court concluded that the classification created by the particular statutes under consideration denied misdemeanants equal protection of the law. The marijuana reform legislation grants benefits to certain felons. A violation of former section 11557 could be treated as a misdemeanor. However, all misdemeanants are not denied benefits under the marijuana reform legislation.

Moreover, there is no constitutional bar to prevent the Department of Justice from determining upon proper application if an individual's conviction of former section 11557 was stipulated to be a lesser included offense of possession of marijuana. The doctrine of the separation of powers "'although enshrined in the Constitution and fundamental to the preservation of our civil liberties, "does not mean that the three departments of our government are not in many respects mutually dependent."' [Citations.] This court has often recognized that each department of government 'for its own existence must in some degree exercise some of the functions of the others.' [Citation.] The purpose of the doctrine is to prevent one branch of government from exercising the *complete* power constitutionally vested in another [citation]; it is not intended to prohibit one branch from taking action properly within its sphere that has the *incidental* effect of duplicating a function or procedure delegated to another branch." (*Younger* v. *Superior Court, supra,* 21 Cal.3d 102, 117.) The power to grant the remedy of obliteration or destruction of arrest records rests "exclusively with the Legislature." (*Id.,* at p. 109.) The marijuana reform legislation provides for the destruction or obliteration of arrest records "as a means of implementing the Legislature's principal objective of reducing the adverse social and personal effects of [a marijuana-related] conviction which linger long after the prescribed punishment has been completed." (*Id.,* at p. 118.) Any infringement upon judicial powers "is thus purely incidental to the main purpose of the statute—which is well within the province of the Legislature—and hence does not violate the separation of powers." (*Id.,* at p. 118.)

 Under the marijuana reform legislation the Department of Justice is under a duty to process applications for destruction of arrest records. The Department of Justice is required to destroy arrest records of individuals who come within the terms of the legislation. In order to perform this duty the Department of Justice must look behind some convictions to determine if the convictions are marijuana related—the same "function" defendant Deukmejian asserts constitutes a bar to granting relief to plaintiff Doe and the members of the class he represents. As noted earlier the marijuana reform legislation is applicable to "(2) Unlawful possession of a device, contrivance, instrument or paraphernalia used for unlawfully smoking marijuana, in violation of Section 11364, as it existed prior to January 1, 1976, or a statutory predecessor thereof. [¶] (3) Unlawful visitation or presence in a room or place in which marijuana is being unlawfully smoked or used, in violation of Section 11365, as it existed prior to January 1, 1976, or a

statutory predecessor thereof." (Health & Saf. Code, § 11361.5, subd. (b).) Both section 11364 and section 11365 as they existed prior to January 1, 1976, prohibited conduct not only related to marijuana but conduct related to a large range of controlled substances and narcotics, but a violation of either of these Health and Safety Code sections is covered by the marijuana reform legislation only if the violation was related to marijuana. (Stats. 1973, ch. 1078, §§ 14 and 15, p. 2181.) Accordingly, although the marijuana reform legislation "does not provide that the Department of Justice may redetermine the offense of which the subject was actually guilty," the Department of Justice must look behind some convictions to determine if they are covered by the marijuana reform legislation.

Therefore, this court has the power to require the Department of Justice to process the applications to destroy the arrest records of plaintiff Doe and the members of the class he represents if we determine that the exclusion of plaintiff Doe and the members of the class from the benefits of the legislation violates the doctrine of equal protection of the law. Such a requirement will not compel the Department of Justice to perform a function it is not already performing. Although the power to grant the remedy of obliteration or destruction of arrest records rests with the Legislature, once the Legislature has afforded such a remedy to a class of persons "'a reviewing court may correct a discriminatory classification by invalidating the invidious exemption and thus extending statutory benefits to those whom the Legislature unconstitutionally excluded.'" (*Sykes* v. *Superior Court, supra*, 9 Cal.3d 83, 92.) If the exclusion of plaintiff Doe and the members of the class from the benefits of the marijuana reform legislation denies them equal protection of the law, the Department of Justice will be under a duty to take the necessary steps to process their applications for the destruction of their arrest records and upon sufficient application to destroy the records.

Defendant Board specifically contends that its policy of requiring disclosure on the application form of a violation of former section 11557 is supported by a legitimate state interest, because a violation of former section 11557 may have a bearing on the fitness of an applicant for employment since a "violation of former section 11557 could include a myriad of factual circumstances other than simple possession of marijuana." Once again it is sufficient to note that this argument overlooks the simple fact that plaintiff does not represent all individuals convicted of violating former section 11557, but only those individuals whose conviction of former section 11557 was stipulated to be a lesser included

offense of possession of marijuana. Accordingly, we are not concerned with "a myriad of factual circumstances other than simple possession of marijuana."

Defendant Board contends further that plaintiffs' conclusionary allegations that the "Board considers convictions which were stipulated to be lesser included offenses [of] possession of marijuana in no way demonstrates that the Board's alleged policy violates equal protection." Defendant Board asserts that there is no allegation in the complaint that it is the Board's policy to deny employment based upon a conviction of former section 11557 which was stipulated to be a lesser included offense of possession of marijuana. Defendant Board states "Doe's conclusionary assertion that the . . . Board considers violation[s] of former section 11557 which were stipulated to be lesser included offenses of possession of marijuana could be construed as alleging that the Board merely considers the offense and the explanation on the form and then disregards it in its employment determination." Even if we accept this contention as a true statement of fact, the Board's policy might still deny plaintiffs equal protection of the law. Individuals who are afforded the benefits of the marijuana reform legislation need not disclose on an application form that they were convicted or arrested for the marijuana offenses specifically listed in the legislation. Defendant Board has failed to set out any state interest, that has not already been considered, which justifies denying plaintiff Doe and the members of the class he represents the benefit of nondisclosure of their convictions which were stipulated to be lesser included offenses of possession of marijuana.

Finally, defendant Board asserts that there is a rational basis for excluding plaintiff Doe and the members of the class, because a departure from the statutory scheme as it presently stands would be unworkable "if neither the employer nor the applicant could know by virtue of [the] conviction offense whether it was or was not within the provisions" of the marijuana reform legislation. We fail to see how extending the benefits to individuals who were convicted of an offense not specifically covered by the marijuana reform legislation but which offense was stipulated to be an offense which is covered by the legislation, makes the statutory scheme unworkable or any more burdensome than it already is given the fact that it covers violations of Health and Safety Code sections 11364 and 11365, as they existed prior to January 1, 1976, *only* if the violations are related to marijuana. (See discussion *ante*, at pp. 1012-1013.)

Since defendants have advanced no rational basis for the classifications created by the marijuana reform legislation or pointed to any defect in the complaint which demonstrates that plaintiffs have not stated a cause of action, we must conclude that plaintiffs have stated a cause of action based upon denial of their right to equal protection of the law.

### Right of Privacy

Plaintiffs contend that the policy of the Board requiring disclosure of a conviction of former section 11557 of the Health and Safety Code that was stipulated to be a lesser included offense of possession of marijuana and the policy of defendant Deukmejian of disseminating an arrest record which contains such a conviction violate their right of privacy.

Since we have determined that plaintiffs must be afforded the benefits of the marijuana reform legislation, it follows that the above-mentioned policies violate plaintiffs' right of privacy. In *Central Valley Chap. 7th Step Foundation* v. *Younger* (1979) 95 Cal.App.3d 212 [157 Cal.Rptr. 117], this court held that allegations in a complaint that arrest records were disseminated which contained nonconviction data to public employers who are prohibited from considering a record of an arrest which did not result in a conviction, stated a cause of action based upon a prima facie violation of the state constitutional right of privacy. If an individual is asked by the Board to disclose any marijuana-related offense covered by the marijuana reform legislation, his right of privacy is invaded because the Legislature has determined that this information is not relevant for any purpose. If defendant Deukmejian disseminates an individual's arrest record containing an entry that the individual has been arrested or convicted of an offense covered by the legislation, that individual's right to privacy has been similarly violated. (*Id.*, at pp. 234-240.)

Since we have determined that no rational basis has been advanced for excluding plaintiff Doe and the members of the class he represents from the marijuana reform legislation, plaintiffs have stated a cause of action based upon invasion of their right of privacy.[3]

---

[3]Plaintiffs contend that the policy of the Board in considering a violation of former section 11557 of the Health and Safety Code that was stipulated to be a lesser included offense of possession of marijuana in evaluating an applicant for employment violates the state and federal constitutional guarantees of due process of law, because "exclusion

### Standing

The Board argues that because there is no allegation in the complaint that plaintiff Doe "at any time applied for any position within the State civil service system," Doe has failed to state any claim upon which relief can be granted against the Board." The Board is in essence contending that plaintiff Doe has no standing to bring an action against it, because plaintiff Doe has failed to show that he has been injured by any alleged policy of the Board.[4]

In *Teamsters v. United States* (1977) 431 U.S. 324, 364-368 [52 L.Ed.2d 396, 433-435, 97 S.Ct. 1843], the United States Supreme Court held that failure to apply for employment is not always fatal to a cause of action against a defendant alleging discriminatory recruitment and hiring. The United States Supreme Court stated that relief could be awarded to nonapplicants if they were able to prove that but for the discrimination of which they complain, they would have applied for the positions. Although in *Teamsters*, the United States Supreme Court resolved the issue in light of federal statutory provisions, it appears that the same rule applies in California when constitutional rights are involved. (*City of Carmel-by-the-Sea v. Young* (1970) 2 Cal.3d 259, 263 [85 Cal.Rptr. 1, 466 P.2d 225, 37 A.L.R.3d 1313]; *Central Valley Chap. 7th Step Foundation v. Younger, supra*, 95 Cal.App.3d 212, 232, 234; *Residents of Beverly Glen, Inc. v. City of Los Angeles* (1973) 34 Cal.App.3d 117, 121-127 [109 Cal.Rptr. 724]; *Manchel v. County of Los Angeles* (1966) 245 Cal.App.2d 501, 506-507 [54 Cal.Rptr. 53].)

"Neither of the parties at any time during these proceedings has raised any question regarding the use of injunction or declaratory relief

---

of an individual from employment on the basis of a conviction is only warranted when there is 'a substantial or rational connection between the committed offense and the particular occupation.'" Defendants contend that there is no factual allegation upon which to premise such a contention. Defendants state there is "no allegation in the complaint that the respondent Board has denied appellant Doe employment because of a conviction of former section 11557 which was stipulated to be a lesser included offense of possession of marijuana or that it is the Board's policy to deny employment because of such an offense." In light of our above conclusions that plaintiffs have stated a cause of action because of their exclusion from the benefits of the marijuana reform legislation, it is unnecessary to resolve this particular issue. However, we note that defendants raised this same objection to the complaint in their demurrer. As we stated earlier when the trial court sustains a demurrer with leave to amend and the plaintiff elects not to do so, we must resolve all ambiguities and uncertainties raised by the demurrer against the plaintiff.

[4] This contention also applies to the members of the class that plaintiff represents.

as a proper method of determining the constitutionality of the challenged ordinance. Either remedy is available for the purpose. When the enforcement of a law or ordinance would injure plaintiff's rights, equity may enjoin the prosecution (see cases collected 27 Cal.Jur.2d, § 26, p. 133; see also *Porterfield* v. *Webb*, 195 Cal. 71, 74 . . .). Declaratory relief has also been used in California to challenge the constitutionality of penal statutes and ordinances (*Portnoy* v. *Superior Court*, 20 Cal.2d 375, 378 . . .; *LaFranchi* v. *City of Santa Rosa*, 8 Cal.2d 331 . . .; *Sandelin* v. *Collins*, 1 Cal.2d 147 . . .). See also the following cases holding that declaratory relief is a proper vehicle for testing the validity of statutes of a nonpenal nature: *Salsbery* v. *Ritter*, 48 Cal.2d 1, 7 . . .; *Bess* v. *Park*, 132 Cal.App.2d 49 . . .; *Mefford* v. *City of Tulare*, 102 Cal. App.2d 919 . . .; *Monahan* v. *Department of Water & Power*, 48 Cal. App.2d 746, 751 . . .; *Andrews* v. *City of Piedmont*, 100 Cal.App. 700 . . .). The theory of these cases was perhaps best expressed by Borchard in his book on Declaratory Judgments (1934) where he pointed out (p. 278) that to exclude examination of penal statutes from the operation of declaratory relief is like 'telling the prospective victim that the only way to determine whether the suspect is a mushroom or a toadstool is to eat it.'" (*Abbott* v. *City of Los Angeles* (1960) 53 Cal.2d 674, 678, fn. 2 [3 Cal.Rptr. 158, 349 P.2d 974, 82 A.L.R.2d 385].)

 Plaintiffs alleged in the complaint that plaintiff Doe and members of the class he represents wish to seek employment with the Board and other employers but do not wish to reveal their convictions of former Health and Safety Code section 11557 nor have their convictions considered in evaluating them for employment. Plaintiffs further allege that the Board does consider such convictions in considering an applicant for employment. These allegations are sufficient to establish the standing of plaintiff Doe and members of the class to bring the instant action against the Board. Plaintiffs are not required to surrender their constitutional rights by filing applications with the Board in order to establish their standing. (*Central Valley Chap. 7th Step Foundation* v. *Younger, supra*, 95 Cal.App.3d 212, 233.)

### Jurisdiction of Court

Defendants contend because there is no statute granting a court jurisdiction to order defendant Deukmejian "to destroy records of conviction, a court is without jurisdiction to issue such an order." This

contention is totally without merit. Defendants rely upon *Younger* v. *Superior Court, supra*, 21 Cal.3d 102.

Prior to January 1, 1977, the marijuana reform legislation authorized destruction of arrest records by court order; effective January 1, 1977, the destruction of such records was by order of the Department of Justice upon application of the person affected. (*Id.*, at p. 108.) In *Younger*, the Attorney General contended that the marijuana reform legislation before it was amended violated the doctrine of the separation of powers. The California Supreme Court refused to reach this issue "because of the well settled rule that an action wholly dependent on statute abates if the statute is repealed without a saving clause before the judgment is final." (*Id.*, at p. 109.) In *Younger*, the court stated that the power to grant or withhold such a remedy rests exclusively with the Legislature, and the amendment to the marijuana reform legislation removed jurisdiction from the court to consider applications to destroy arrest records. ▆▆▆ Although the amendment to the marijuana reform legislation removed from the courts the jurisdiction to consider initial requests for destruction of arrest records, it did not remove the jurisdiction of a court to "'correct a discriminatory classification by invalidating the invidious exemption and thus extending statutory benefits to those whom the Legislature unconstitutionally excluded.'" (*Sykes* v. *Superior Court, supra*, 9 Cal.3d 83, 92.) Moreover, the relief granted by the California Supreme Court in *Younger* is totally inconsistent with the argument advanced by defendants—the court in *Younger* directed that a writ of mandate issue requiring the Attorney General to accept and act upon an individual's request for destruction of arrest records. (*Younger* v. *Superior Court, supra*, 21 Cal.3d at p. 120.) The marijuana reform legislation did not remove the inherent jurisdiction of a court to determine constitutional challenges to legislation. (*Sykes* v. *Superior Court, supra*, 9 Cal.3d at p. 92.)

*Taxpayer Cause of Action*

Defendants contend that plaintiff Hooper has no standing to bring an action against defendants under Code of Civil Procedure section 526a as a taxpayer. ▆▆▆ We considered and rejected this same contention in *Central Valley Chap. 7th Step Foundation* v. *Younger, supra*, 95 Cal.App.3d 212, 232, wherein we stated: "Respondents contend that state officials may not be sued by a taxpayer under section 526a of the Code of Civil Procedure and the allegations of the complaint are insufficient for a taxpayer's action under common law. Section 526a of the

Code of Civil Procedure provides in pertinent part: 'An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein.' Respondents claim that it is apparent from the face of section 526a of the Code of Civil Procedure that it has no application to state government or state officials.

"Respondents' contention must be rejected. In *Serrano* v. *Priest, supra*, [1971] 5 Cal.3d 584, 618, footnote 38 [96 Cal.Rptr. 601, 487 P.2d 1241], the California Supreme Court stated: 'Although plaintiff parents bring this action against state, as well as county officials, it has been held that state officers too may be sued under section 526a.' (See also *Stanson* v. *Mott* (1976) 17 Cal.3d 206, 222-223 . . .; *Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 267-268 . . .; *Los Altos Property Owners Assn.* v. *Hutcheon* (1977) 69 Cal.App.3d 22, 27 . . . . ) If a taxpayer can demonstrate that a state official did authorize the improper expenditure of public funds, the taxpayer 'will be entitled, at least, to a declaratory judgment to that effect; if he establishes that similar expenses are threatened in the future, he will also be entitled to injunctive relief.' (*Stanson* v. *Mott, supra*, at p. 223.)"

### Declaratory Relief

Defendants argue that plaintiffs are not entitled to declaratory relief because (1) they failed to allege that plaintiff Doe has ever applied for employment with the Board; (2) a court is without jurisdiction to consider any matter raised concerning the marijuana reform legislation because the Legislature granted the authority to destroy arrest records to the Department of Justice; and (3) plaintiff Hooper has not stated a cause of action. Since all of the contentions advanced by defendants to support the argument that declaratory relief is not proper have been addressed earlier, we do not feel the need to discuss them again.

We conclude that plaintiffs have stated a cause of action against defendants based upon violations of their right to equal protection of the law and their right to privacy.

The judgment is reversed.

Feinberg, J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied September 25, 1981, and respondents' petition for a hearing by the Supreme Court was denied October 21, 1981.