**Jean McFARLAND, Plaintiff,**

v.

**BECHTEL PETROLEUM, INC., a corporation doing business in the State of California, and its individual agents Tom Rowe, George Burns, Dan McGlathern, Donald E. Quiett, and Does 1 through 10, Defendants.**

**No. C–83–3963–JPV.**

United States District Court,
N.D. California,
San Francisco Division.

June 15, 1984.

| 2. Attorney | Hours | Rate | Total |
|---|---|---|---|
| Michael J. Steiner | 86.06 | $75.00 | $6,454.50 |
| Larry Williams | 32.67 | $75.00 | $2,450.25 |
| | | | $8,904.75 |

3.  31.2 hrs. × $75.00 = $2,340.00.

**908**

Jean McFarland, in pro. per.

Thelen, Marrin, Johnson & Bridges, Philip R. Placier, Charles P. McCarthy, San Francisco, Cal., for defendants.

## AMENDED ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS

VUKASIN, District Judge.

### INTRODUCTION

Plaintiff is an employee of defendant Bechtel Petroleum, Inc. at a construction project in Richmond, California. On July 30, 1982, plaintiff completed an Employee's Withholding Allowance Certificate (W–4 form) for Bechtel's payroll department. On the form he claimed exemption from federal income tax withholding on the grounds that in the previous year he was not liable for any federal income tax and he did not expect in the current year to incur any federal income tax liability. Plaintiff apparently earns in the neighborhood of $30,000.00 per annum. In accordance with regulations of the Internal Revenue Service (IRS) requiring Bechtel to send the IRS the W–4 form for any employee making more than $200.00 per week and claiming exempt status from withholding, Bechtel forwarded plaintiff's W–4 form to the IRS. Treas.Reg. 31.3402(f)(2)–1(g)(1). On June 17, 1983, the IRS sent Bechtel a di-

rective indicating that plaintiff's W-4 form was incorrect and instructing the company to begin withholding federal income tax from his paycheck. Bechtel complied, and, having received no further instructions from the IRS, defendants continue to withhold federal income taxes in accordance with the June, 1983 directive.

On July 27, 1983, plaintiff commenced the present action in the Superior Court in and for the County of Contra Costa. The complaint sought restitution of tax withheld plus damages of $50,000.00 arising out of Bechtel's alleged breach of a "common law work contract" between plaintiff and defendants. The breach plaintiff complains of apparently derives from the company's withholding of federal income tax from plaintiff's paychecks. On August 25, 1983, defendants removed the action to this Court.

Plaintiff now seeks to have this matter remanded to state court, arguing that his suit is predicated on state law in that state, not federal, taxes are being withheld by the defendants. On January 24, 1983, defendants filed with this Court and properly served on plaintiff a motion to dismiss on the alternative grounds that the claim is barred by the Federal Internal Revenue Code and Regulations and that the complaint fails to state a claim upon which relief can be granted due to the bar of the Anti-Injunction Act. In conjunction with the motion to dismiss, defendants seek an award of attorney's fees on the ground plaintiff's lawsuit is frivolous, vexatious and brought in bad faith.

## ANALYSIS

### Plaintiff's Motion to Remand

Plaintiff asserts in support of his motion to remand that the complaint presents no federal claim but rather is solely an action "arising out of and under the Common Law of the State of California." Removal of the action to this Court from state Court was improper, plaintiff's argument goes, as his complaint alleges only that defendants have wrongfully withheld *state* taxes from his pay. An evaluation of the complaint, however, reveals that this argument is meritless.

■■■ The general rule regarding removal is that the existence of federal jurisdiction must be determined from the face of plaintiff's claim. *Louisville & Nashville Railway v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Whether a case is removable depends "solely on the form which the plaintiff by his voluntary action shall give to the pleadings in the case." *Great Northern Railway v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 240, 62 L.Ed. 713 (1918). Plaintiff's complaint alleges, in pertinent part: "On July 30, 1982, plaintiff executed a Common Law contract of work with defendant Corp., and as a condition of employment, plaintiff executed a quasi written agreement known as: '*Department of the Treasury—Internal Revenue Service—Employee's Withholding Allowance Certificate. Form W-4,*' in which plaintiff claimed 'EXEMPT' from withholding taxes." (Complaint 2:24–3:1.) A copy of the W-4 form in question is attached to the complaint; on that form plaintiff had checked boxes indicating his allegedly exempt status.

■■■ It is apparent, therefore, that the basis of plaintiff's claim is that he is exempt from *federal* income tax and that defendant has wrongfully withheld such *federal* tax from his paychecks. Little or nothing is asserted in the complaint which supports plaintiff's present insistence that this action is rooted in state "common law" principles. The actual language of the complaint in fact belies this. It is only in this motion for remand that plaintiff first alleges he is claiming wrongful withholding of *state* income taxes exclusively. The face of the complaint, however, clearly indicates that federal jurisdiction does exist. The action was therefore properly removed to this Court, and plaintiff's motion to remand must accordingly be denied.

### Defendants' Motion to Dismiss

Section 3402(a)(1) of the United States Internal Revenue Code (Code) provides that

"... every employer making payment of wages shall deduct and withhold upon such wages a tax ...." 26 U.S.C. § 3402(a)(1). Section 3403 of the Code provides that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment." 26 U.S.C. § 3403.

▮ It is difficult to construe this action as anything òther than plaintiff's effort to hold his employer liable for the taxes withheld from his wages, an attempt that flies in the face of the clear language of the statute. Bechtel has done no more than comply with applicable federal laws and IRS code sections and regulations governing the withholding of federal income tax. Although plaintiff styles his complaint an action for breach of contract, he does not assert that his employment contract contained any specific provision requiring Bechtel to refrain from withholding taxes from his wages. Indeed, had such a provision existed, it would surely be invalid and unenforceable as contrary to statute and public policy. *See Stonecipher v. Bray,* 653 F.2d 398, 403, (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297. Section 3403 of the Code clearly proscribes employer liability in the instant situation, Bechtel has merely discharged its legal obligations, with the result that plaintiff's claim is statutorily barred.

▮ As a second and independent ground for dismissal, defendants argue that plaintiff's claim is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which prohibits taxpayers in plaintiff's position from bringing suit "for the purpose of restraining the assessment or collection of any tax." This argument is meritorious. The purpose of this statute is to permit the United States to assess and collect taxes alleged to be due without judicial intervention and to require that the legal right to the disputed sums be determined in a suit for refund. *Enochs v. Williams Packing and Navigation Co., Inc.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

In the instant case, the fact that plaintiff has attempted to plead his claim in the guise of a contract action becomes nugatory when it is recalled that no contract term specifically addressed the issue of withholding. It is apparent that the underlying motivation for plaintiff's complaint is to mount a challenge to the legality of federal tax withholding by way of an attack on defendants' collection of such taxes. Such an action is firmly within the ambit of suits subject to the proscriptions of the Anti-Injunction Act.

*Attorney's Fees*

There is evidence that the instant action is not an independent suit by an isolated taxpayer seeking redress, but is rather part of an organized campaign of "tax protest" lawsuits brought by several disgruntled taxpayers. *See* Declaration of Michael Howard. The strategy of the campaign is to thwart federal tax regulations by inundating employers with frivolous suits in the hope that the volume and cost of litigation involved in defending these actions will deter employers from withholding taxes. *Id.* This is the second lawsuit plaintiff himself has instituted; an earlier action, differing only marginally from the present suit, was dismissed with prejudice by United States District Judge Spencer Williams on August 29, 1983. Finding that action frivolous and without foundation, Judge Williams awarded attorney's fees and costs to defendant Bechtel. *McFarland v. Comm'r,* No. C–83–3840 (N.D.Cal., Aug. 29, 1983). Furthermore, the present action is virtually identical to another action filed against the same employer, *Gonsalves v. Bechtel,* No. C–83–3964; the latter case has also been dismissed with prejudice and attorney's fees awarded to Bechtel.

▮ Attorney's fees may be awarded where a litigant files an action in bad faith. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765–767, 100 S.Ct. 2455, 2463–2465, 65 L.Ed.2d 488 (1979); *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1974); *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129–30, 94 S.Ct. 2157,

2165, 40 L.Ed.2d 703 (1973). However he may seek to characterize it, plaintiff's complaint is in reality a challenge to the federal tax laws. The meritlessness of the instant claim, conjoined with the profusion of such lawsuits directed against a single employer, is indicative of bad faith and vexatious intent. An award of attorney's fees in suits such as this one may serve as "an appropriate deterrent to future frivolous suits." *Callow v. Amerace Corp.*, 681 F.2d 1242, 1243 (9th Cir.1982). In view of the fact that Bechtel should not have to bear the costs of this action simply because it properly complied with federal tax laws, an award of attorney's fees is warranted.

## CONCLUSION

The Court concludes:

1. Plaintiff's complaint is barred by Section 3403 of the United States Internal Revenue Code, 26 U.S.C. § 3403;

2. Plaintiff's complaint fails to state a claim upon which relief can be granted in that it is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a);

3. An award of attorney's fees and costs is appropriate in view of the frivolous and vexatious nature of the instant action.

Accordingly, the Court hereby GRANTS defendants' motion to dismiss. Plaintiff's motion to remand is hereby DENIED.