[No. B006656. Second Dist., Div. Three. Apr. 1, 1985.]

CLARENCE MATTHEW OTWORTH, Plaintiff and Appellant, v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Defendant and Respondent.

454

COUNSEL

Clarence Matthew Otworth, in pro. per., for Plaintiff and Appellant.

William E. Still, David Kyle, Stephen W. Travers and Roy C. Wilson, Jr., for Defendant and Respondent.

OPINION

KLEIN, P. J.—Plaintiff and appellant Clarence Matthew Otworth (Otworth) appeals the dismissal of his complaint alleging conversion, breach of contract, violations of his 1st, 5th and 14th Amendment rights, and unjust enrichment against defendant and respondent Southern Pacific Transportation Company (Southern Pacific). Dismissal was based on Otworth's failure to amend his complaint after the trial court sustained Southern Pacific's demurrer with 30 days to amend. (Code Civ. Proc., § 581, subd. 3).[1]

Otworth's complaint fails to allege facts sufficient to support any cause of action against Southern Pacific. Therefore, the trial court did not abuse its discretion in sustaining the demurrer and the dismissal is affirmed.

PROCEDURAL AND FACTUAL BACKGROUND

Otworth, employed by Southern Pacific in June 1978, each year filed a W-4 form claiming total exemption from the withholding of federal and state income taxes from his paycheck, and as a result, Southern Pacific did not withhold any taxes from any of Otworth's paychecks.[2]

---

[1] Code of Civil Procedure section 581, subdivision 3, states in pertinent part: "An action may be dismissed in the following cases, . . . [¶] . . . . [¶] 3. Court. By the court, . . . when, after a demurrer to the complaint has been sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court, . . ., or a motion to strike the whole of a complaint or portion thereof is granted with leave to amend and the plaintiff fails to amend within the time allowed by the court, and either party moves for such dismissal."

[2] Internal Revenue Service form W-4, "Employee's Withholding Allowance Certificate," filed annually pursuant to 26 United States Code section 3402(f) and United States Treasury Regulation section 31.3402(f)(2)-1a and (c)(3).

26 United States Code section 3402(n) reads: "Employees incurring no income tax liability.—Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee— [¶] (1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and [¶] (2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year. [¶] The Secretary shall by regulations provide for the coordination of the provisions of this subsection with the provisions of subsection (f)."

United States Treasury Regulations section 31.3402(f)(2)-1(a) reads: "On commencement of employment.—On or before the date on which an individual commences employment with an employer, the individual shall furnish the employer with a signed withholding exemption certificate relating to his marital status and the number of withholding exemptions

On May 15, 1981, Southern Pacific, having not received a valid "W-4 Exempt" certificate from Otworth, withheld taxes from Otworth's paycheck until June 10, 1981, when Southern Pacific received a valid W-4 Exempt form from Otworth.[3] Southern Pacific refused to remit to Otworth the withheld funds totaling $1,403.58 because the funds had been turned over to the Internal Revenue Service (IRS) and the Franchise Tax Board.

No taxes were withheld from Otworth's paycheck from June 10, 1981, until August 25, 1983, at which time the Internal Revenue Service (IRS) directed Southern Pacific to begin withholding taxes from Otworth's paycheck as Otworth's W-4 form was improper.

In September 1983, Otworth filed a complaint for actual and punitive damages alleging that Southern Pacific's refusal to remit the withheld funds totalling $1,804.27, constituted conversion, breach of contract, violations of his 1st, 5th and 14th Amendment rights, and unjust enrichment.

In November 1983, Southern Pacific's demurrer was sustained with leave to amend as to the conversion cause of action, overruled as to the breach of contract cause of action and sustained without leave to amend as to the 1st, 5th and 14th Amendments and unjust enrichment causes of action. The trial court also granted Southern Pacific's motion to strike Otworth's request for punitive damages.

Responding to Otworth's petition for a writ of prohibition to restrain proceedings by a disqualified judge, the trial court later in November 1983

---

which he claims, which number shall in no event exceed the number to which he is entitled, or, if the statements described in §31.3402(n)-1 are true with respect to an individual, he may furnish his employer with a signed withholding exemption certificate which contains such statements in lieu of the first-mentioned certificate. For form and contents of such certificates, see §31.3402(f)(5)-1. The employer is required to request a withholding exemption certificate from each employee, but if the employee fails to furnish such certificate, such employee shall be considered as a single person claiming no withholding exemptions."

United States Treasury Regulations section 31.3402(f)(2)-1(c)(3) reads: "Before December 1 of each year, every employer should request each of his employees to file a new withholding exemption certificate for the ensuing calendar year, in the event of change in the employee's exemption status since the filing of his latest certificate."

[3] This was done in accordance with 26 United States Code section 3402(a) and (n) and United States Treasury Regulations sections 31.3402(a)-1(b) and 31.3402(f)(2)-1(a).

26 United States Code section 3402(a) reads in pertinent part: "(a) Requirement of withholding.—Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables prescribed by the Secretary."

United States Treasury Regulation section 31.3402(a)-1(b) reads in pertinent part: "(b) The employer is required to collect the tax by deducting and withholding the amount thereof from the employee's wages as and when paid, either actually or constructively."

See footnote 2 for 26 United States Code section 3402(n) and United States Treasury Regulation section 31.3402(f)(2)-1(a).

held that the affidavit of bias filed against Superior Court Judge Norman Epstein was effective only as to future matters before said judge and that there was no legal basis for vacating the ruling on the demurrer.

In December 1983, after Southern Pacific filed an answer to the complaint, Otworth moved to vacate and set aside the ruling on the demurrer. Southern Pacific joined the motion, provided that the answer also be set aside and the demurrer and motion to strike reheard.

The motion was granted, and in February 1984, after a rehearing, the trial court sustained the demurrer as to all causes of action for failure to state facts sufficient to state a cause of action and granted 30 days leave to amend. In May 1984, the matter was dismissed following Southern Pacific's motion for dismissal for failure to amend.

Otworth appeals the dismissal.

## CONTENTION

Otworth contends that the trial court abused its discretion in sustaining Southern Pacific's demurrer.

## DISCUSSION

### 1. *Standard of review.*

■ An order sustaining a demurrer with leave to amend is not a final judgment and therefore not itself appealable. (*Jeffers* v. *Screen Extras Guild, Inc.* (1951) 107 Cal.App.2d 253, 254 [237 P.2d 51].) If a plaintiff fails or refuses to amend the complaint, the court will enter a judgment of dismissal from which an appeal to review the correctness of the ruling on the demurrer may be taken. (*Ibid.; Dumm* v. *Pacific Valves* (1956) 146 Cal.App.2d 792, 794 [304 P.2d 738]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 843, pp. 2448-2449.)

■ When a plaintiff elects not to amend the complaint, it is presumed that the complaint states as strong a case as is possible (*Hooper* v. *Deukmejian* (1981) 122 Cal.App.3d 987, 994 [176 Cal.Rptr. 569]); and the judgment of dismissal must be affirmed if the unamended complaint is objectionable on any ground raised by the demurrer. (*Gonzales* v. *State of California* (1977) 68 Cal.App.3d 621, 635 [137 Cal.Rptr. 681]; *Totten* v. *Underwriters at Lloyd's London* (1959) 176 Cal.App.2d 440, 442, 447-448 [1 Cal.Rptr. 520].)

Thus, we review the allegations in Otworth's complaint and determine if any of the grounds raised in Southern Pacific's demurrer apply. (See *Hooper v. Deukmejian, supra,* 122 Cal.App.3d at p. 994.)

*2. The complaint fails to allege any of the elements necessary for a cause of action for conversion.*

In order to state a cause of action for conversion, Otworth must allege that he owned or had the right to possess the withheld money at the time of the conversion and that Southern Pacific willfully and without legal justification interfered with this right. (*Hartford Financial Corp.* v. *Burns* (1979) 96 Cal.App.3d 591, 598 [158 Cal.Rptr. 169]; *de Vries* v. *Brumback* (1960) 53 Cal.2d 643, 647 [2 Cal.Rptr. 764, 349 P.2d 532]; 14 Cal.Jur.3d, § 54, pp. 848-849.)

Otworth's complaint does not allege that he had or was entitled to possession of the withheld money. Nor does the complaint allege any facts indicating that the withholding of the money by Southern Pacific was unlawful. In fact, Otworth's complaint indicates that the money was withheld for tax purposes and turned over to the IRS.

Otworth's argument that Southern Pacific is liable for having withheld the taxes as directed to do by the IRS both by letter and by regulation, is meritless. It has consistently been held that employees have no cause of action against employers who, pursuant to directives or regulations of the IRS, withhold wages and pay them over to the government in satisfaction of federal income tax liability. (*Edgar* v. *Inland Steel Co.* (7th Cir. 1984) 744 F.2d 1276, 1278; *Beerbower* v. *United States* (E.D.Mich. 1984) 592 F.Supp. 67, 68; *McFarland* v. *Bechtel Petroleum, Inc.* (N.D.Cal. 1984) 586 F.Supp. 907, 910; *Pascoe* v. *I.R.S.* (E.D.Mich. 1984) 580 F.Supp. 649, 654.)

Consequently, the demurrer, which objected to the complaint on the grounds that it failed to state facts sufficient to constitute an action for conversion, was properly sustained.

*3. The complaint fails to state a cause of action for breach of contract.*

To state a cause of action for breach of contract, Otworth must plead the contract, his performance of the contract or excuse for nonperformance, Southern Pacific's breach and the resulting damage. (*Lortz* v. *Connell* (1969) 273 Cal.App.2d 286, 290 [78 Cal.Rptr. 6].) Further, the complaint must indicate on its face whether the contract is written, oral, or implied

by conduct. (Code Civ. Proc., § 430.10, subd. (g).)[4] If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference. (*Wise* v. *Southern Pacific Co.* (1963) 223 Cal.App.2d 50, 59 [35 Cal.Rptr. 652].)

Otworth's complaint makes no mention of whether the contract is written or oral, sets forth none of the alleged contract's terms, and includes no assertion that Otworth has either performed the contract or is excused from performing.

Moreover, the complaint contains no allegation that the employment contract contained a provision requiring Southern Pacific to refrain from withholding federal taxes from Otworth's wages.[5] In the absence of such a provision, an employer discharges its contractual obligations when it withholds taxes from the employee's wages and pays the employee the balance. (*Edgar* v. *Inland Steel Co., supra,* 744 F.2d at p. 1278; *Stonecipher* v. *Bray* (9th Cir. 1981) 653 F.2d 398, 403, cert. den. 454 U.S. 1145 [71 L.Ed.2d 297, 102 S.Ct. 1006].)

Thus, the trial court properly sustained the demurrer as to the contract cause of action.

4. *The complaint fails to allege any particular violation of any 1st, 5th or 14th Amendment rights.*

Otworth further alleges that Southern Pacific, acting under color of federal law, deprived him of his 1st, 5th and 14th Amendment rights.

■ It is well settled law that the use of summary procedures to collect federal revenue, such as provided by the federal income tax withholding laws, does not violate due process, as taxpayers may challenge alleged liability in tax court or sue for a refund. Taxpayers' due process rights are

---

[4]Code of Civil Procedure section 430.10 provides in pertinent part: "The party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds: [¶] . . . . [¶] (g) In an action founded upon a contract, it cannot be ascertained from the pleading whether the contract is written, or whether it is oral, or whether it is implied by conduct."

[5]Indeed, while the issue has not been squarely decided, it has been intimated that such a contractual provision might be invalid as against public policy. (*Edgar* v. *Inland Steel Company, supra,* 744 F.2d at p. 1278, fn. 3; *Stonecipher* v. *Bray, supra,* 653 F.2d at p. 403; *McFarland* v. *Bechtel Petroleum, Inc., supra,* 586 F.Supp. at p. 910.)

adequately protected by this procedure. (*Stonecipher* v. *Bray, supra,* 653 F.2d at pp. 401-403; *Campbell* v. *Amax Coal Co.* (10th Cir. 1979) 610 F.2d 701, 702; *Phillips* v. *Commissioner* (1931) 283 U.S. 589, 595-598 [75 L.Ed. 1289, 1296, 51 S.Ct. 608]; *Pascoe* v. *I.R.S., supra,* 580 F.Supp. at pp. 653-654.)

Even if Southern Pacific were acting under color of state and federal law in withholding taxes from Otworth's wages, this act did not deprive Otworth of any constitutional right. (See *Edgar* v. *Inland Steel Co., supra,* 744 F.2d at p. 1278; *Stonecipher* v. *Bray, supra,* 653 F.2d at p. 403.) Otworth alleges no acts on the part of Southern Pacific which indicate any violation of his 1st Amendment rights.

The demurrer was properly sustained as the complaint failed to allege any specific violations of Otworth's 1st, 5th or 14th Amendment rights.

5. *The complaint fails to allege sufficient facts to support a cause of action for unjust enrichment.*

■ The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched. (*Branche* v. *Hetzel* (1966) 241 Cal.App.2d 801, 807 [51 Cal.Rptr. 188]; *Gonzales* v. *State of California, supra,* 68 Cal.App.3d at p. 631.)

Here, Otworth's complaint does not allege how withholding taxes and turning them over to the IRS unjustly enriched Southern Pacific. Thus, the trial court properly sustained the demurrer as to this cause of action.

6. *Costs and attorney's fees.*

Southern Pacific has requested an award of sanctions for attorney's fees and costs on the grounds that Otworth's appeal is frivolous and constitutes harassment.

■ Code of Civil Procedure section 907[6] and California Rules of Court, rule 26(a)[7] permit an imposition of sanctions when it appears that the appeal

---

[6]Code of Civil Procedure section 907 provides: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."

[7]California Rules of Court, rule 26(a) provides in pertinent part: "Where the appeal is frivolous or taken solely for the purpose of delay . . ., the reviewing court may impose

is frivolous or taken solely for delay. In *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649 [183 Cal.Rptr. 508], the Supreme Court articulated both a subjective and objective standard for determining when an appeal is frivolous.

The subjective standard looks both to the motives and good faith of the appellant, imposing a penalty where the only purpose of the appeal was to harass the respondent or to delay the effect of an adverse judgment. (*Ibid.*) The objective standard looks at the merits of the appeal from a reasonable person's perspective, imposing sanctions where any reasonable person would agree that the point is totally and completely devoid of merit. (*Ibid.*) The two standards are often used together, with one providing evidence of the other, and both are relevant to the determination that an appeal is frivolous. (*Ibid.*) (See also *Maple Properties* v. *Harris* (1984) 158 Cal.App.3d 997, 1008-1009 [205 Cal.Rptr. 532].)

■ Here, Otworth bases his arguments on "virtually every imaginable timeworn challenge to the federal income tax withholding system." (*Edgar* v. *Inland Steel Co., supra,* 744 F.2d at p. 1278.) These include (1) that withholding is an illegal taking without due process of law, (2) that he is not an "employee" subject to taxation, (3) that wages are not income, (4) that federal reserve notes are not money, and (5) that the 16th Amendment does not permit the taxing of individuals. "Every court that has considered any of these claims has found them to be without merit." (*Id.,* at pp. 1278-1279, fn. 4.) (See *United States* v. *Stillhammer* (10th Cir. 1983) 706 F.2d 1072; *United States* v. *Richards* (8th Cir. 1983) 723 F.2d 646; *United States* v. *Burton* (E.D.Tex. 1983) 575 F.Supp. 1320; *Jones* v. *United States* (N.D.N.Y. 1982) 551 F.Supp. 578.)

No reasonable person could in good faith believe this action to have any merit whatsoever. No matter how characterized, this action in reality is a meritless challenge to the federal income tax laws, taken to frustrate the lawful collection of the internal revenue. " '[A]busers of the tax system have no license to make irresponsible demands on the Courts of Appeals to consider fanciful arguments put forward in bad faith.' " (*Edgar* v. *Inland Steel Co., supra,* 744 F.2d at p. 1278.) For these reasons, we grant Southern Pacific's request for costs and attorney's fees.

---

upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require."

## DISPOSITION

The judgment of dismissal is affirmed; on remittitur and as a sanction, the trial court shall assess costs on appeal in favor of Southern Pacific.

Danielson, J., and Arabian, J., concurred.

On April 29, 1985, the opinion was modified to read as printed. Appellant's petition for review by the Supreme Court was denied June 19, 1985.