815 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jim W. BENZ, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE, Defendant-Appellee.
 No. 85-4061.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1987.
 
 Before KEITH and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Judge.
 
 ORDER
 
 1
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a complaint pursuant to 42 U.S.C. Secs. 1983 and 1985 in which he sought both money damages and injunctive relief against appellee, his employer, as a result of its failure to comply with a W-4 tax form executed by him. Appellee, however, responded to the complaint by filing a motion for summary judgment based primarily upon the argument that it could not be subjected to liability as its continuing to withhold taxes from appellant's wages was undertaken pursuant to a written directive from the Internal Revenue Service. The district court agreed with that assessment and entered a judgment granting appellee's motion for summary judgment and dismissing appellant's complaint on November 15, 1985. Appellant thereafter filed this appeal.
 
 
 3
 Summary judgment is proper only when the district court, drawing all inferences in favor of the non-moving party, can conclude that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Kendall v. Hoover Company, 751 F.2d 171 (6th Cir.1984); Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291 (6th Cir.1984). Both those conditions have been met in the present appeal as the record discloses that there is no dispute that appellee continued to withhold taxes from appellant's wages contrary to the W-4 form executed by him and that that action was taken pursuant to the written instructions of the Internal Revenue Service. Likewise, it is clear that appellee is entitled to judgment as a matter of law as review of the relevant case authority indicates that an employer cannot be made liable for failing to honor an employee's W-4 form when it has been directed to do so by the Internal Revenue Service. McFarland v. Bechtel Petroleum, Inc., 586 F.Supp. 907 (N.D.Ca.1984); Pascoe v. Internal Revenue Service, 580 F.Supp. 649 (E.D.Mich.1984), aff'd. 755 F.2d 932 (6th Cir.1985).
 
 
 4
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the district court's final judgment entered November 15, 1985, be and hereby is affirmed.
 
 
 5
 Furthermore, upon review of the record and the brief filed by appellant, it is clear that the appeal is frivolous and wholly without merit. Accordingly, it is ORDERED that appellant shall pay double costs and attorneys fees. Rule 38, Federal Rules of Appellate Procedure.