Filed 2/27/15  Hall v. Warren Properties CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RICK F. HALL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>WARREN PROPERTIES, INC.,<br><br>Defendant and Respondent. | D065546<br><br><br><br>(Super. Ct. No. 37-2012-00053329-<br> CU-CO-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Iverson, Yoakum, Papiano & Hatch, Patrick McAdam, Justin A. Palmer; Law Offices of Mary A. Lehman and Mary A. Lehman for Plaintiff and Appellant.

Law Offices of Martin N. Buchanan, Martin N. Buchanan; Kirby, Noonan, Lance & Hoge, Michael L. Kirby and Jason M. Kirby for Defendant and Respondent.

This appeal underscores the maxim that gamesmanship is not to be rewarded.  The opening brief presents the story of a simple, straightforward claim of error.  According to Rick F. Hall, he filed a complaint in the north county division of San Diego Superior

Court seeking specific performance of an arbitration agreement with Warren Properties, Inc. (Warren Properties). Warren Properties demurred and moved to strike the complaint for failure to include indispensable parties, La Jolla Bancorp Inc. (Bancorp) and La Jolla Bank, FSB (Bank). In his opposition to the demurrer and motion, Hall requested leave to file an amended complaint that would include both Bancorp and the Bank as additional parties. Hall, without explanation, insists, "[t]he trial court rejected [his] request. Hall's appeal, therefore, respectfully requests leave to file an amended complaint that will name La Jolla Bancorp and La Jolla Bank as additional parties." Could the instant matter really be this simple? No.

Warren Properties' brief paints a much more complex picture. In an earlier case, Hall filed a cross-complaint against Warren Properties, seeking to specifically enforce an arbitration agreement. This cross-complaint was part of a case pending in the central division of San Diego Superior Court. Warren Properties demurred to the cross-complaint on the grounds that Bancorp and the Bank needed to be added as indispensable parties. The superior court sustained the demurrer and allowed Hall leave to amend to add the indispensable parties. Hall refused to do so, filing an amended complaint that again omitted Bancorp and the Bank as parties. Ultimately, the court dismissed Hall's action and entered judgment in favor of Warren Properties.

Hall did not seek appellate review of the superior court's ruling that Bancorp and the Bank were indispensable parties. Instead, Hall filed a complaint in the north county division of San Diego Superior Court once again seeking specific performance of the arbitration agreement against Warren Properties. Hall, however, did not file a notice of

2

related cases or otherwise make the superior court aware of his previously filed cross-complaint.

After some procedural maneuvering, including a Code of Civil Procedure section 170.6 challenge to prevent the judge who sustained the demurrer to Hall's cross-complaint from handling the second case, the second case was transferred to the central division of San Diego Superior Court and heard by the same judge who presided over Hall's cross-complaint. Only then, after Warren Properties demurred and moved to strike the complaint yet again, did Hall agree that it would add Bancorp and the Bank as additional parties. The superior court sustained the demurrer without leave to amend, explaining "[l]eave to amend is denied because it does not appear to the court, given the roundelay of litigation . . . that plaintiff can under any circumstances cure the defects identified in the moving papers."

We determine the superior court did not err in sustaining Warren Properties' demurrer without leave to amend. After the superior court sustained the demurrer to the cross-complaint, Hall had two chances to name Bancorp and the Bank. He cavalierly refused to do so. Instead, Hall engaged in subterfuge to avoid naming these additional parties despite the clear directive by the court requiring such. Hall's eleventh hour willingness to finally add the additional parties was simply too little, too late. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

As a threshold matter, we are compelled to discuss a glaring shortcoming of the opening brief. An appellant's opening brief must provide "a summary of the significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(2)(C).) Here,

3

Hall has not done so. The court sustained the demurrer to the complaint on the grounds that Hall refused to amend his previous cross-complaint despite being given the opportunity to do so, and he attempted to avoid the court's ruling by filing almost the same complaint in another court. Surprisingly, Hall's opening brief omits even a mention of the previously filed case and his many attempts to prevent the second complaint from being transferred back to a specific judge in the central division of San Diego Superior Court. Further, the appellant's appendix skips much of the relevant pleadings except for the instant complaint and demurrer. And, the introduction to Hall's reply brief repeats this oversight by essentially ignoring the previous case, which received considerable attention in the respondent's brief: "The basic issue here is simple: . . . Hall . . . has a right to amend his original complaint in this action after the court below held he failed to name indispensable parties. As a matter of law, the trial court erred in sustaining the special demurrer for nonjoinder of parties without leave to amend and striking Hall's complaint for the same reason." We are disappointed by Hall's stubborn refusal to inform this court about the "significant facts" in his case, namely the fact he filed a previous cross-complaint alleging virtually the same allegations as the instant complaint, was given leave to amend the cross-complaint to name indispensable parties, refused to do so, and then filed suit in the north county division in a thinly veiled attempt to avoid the previous ruling of the court. There is no justification for Hall's omissions.

Although Hall failed to provide us with the summary of the significant facts and excluded many of the relevant pleadings and orders from his appendix, we fill the major gaps with information contained in the respondent's appendix.

4

On October 16, 2003, Hall entered into an executive employment agreement (Agreement) with Bancorp.  Under the terms of the Agreement, Hall was employed as president and chief executive officer (CEO) of Bancorp and its "wholly owned subsidiary, La Jolla Bank, FSB."  The Agreement included an arbitration provision, which applied to any dispute between Hall and Bancorp or any of its subsidiaries, affiliates, or related entities, specifically including the Bank.  The Agreement did not name or reference Warren Properties, which was not a party to the contract.

Hall served as president and CEO of Bancorp and the Bank until January 8, 2010, when he was placed on paid leave.  On February 19, 2010, the Office of Thrift Supervision (OTS) shut down the Bank and appointed the Federal Deposit Insurance Corporation (FDIC) as its receiver.  Hall's employment and paid leave ceased when the FDIC took over as receiver of the Bank.

On March 22, 2011, counsel for Hall sent a letter to Warren Properties demanding arbitration of a claim for compensation under the Agreement.  The letter was directed solely to Warren Properties as an alleged "affiliate" of Bancorp, not to Bancorp, the Bank, or the FDIC as receiver of the Bank.

On April 4, 2011, in response to Hall's letter of March 22, 2011 demanding arbitration, Warren Properties filed a complaint against Hall for declaratory and injunctive relief in the central division of San Diego County Superior Court.  The case was assigned to the Honorable Timothy B. Taylor.  Warren Properties sought declaratory relief that it had no contractual obligations to Hall because it was not a party to the Agreement.

5

The complaint alleged that Hall had served as president and a member of the board of directors of Warren Properties from January 2008 until he voluntarily resigned on February 27, 2009, a year before the Bank was closed. However, Hall's employment with Warren Properties was separate and distinct from his employment with the Bank, and was not governed by the Agreement.

In May 2011, Hall filed a cross-complaint solely against Warren Properties to compel arbitration of his claim for money allegedly owed under the Agreement and breach of the Agreement. The cross-complaint alleged that Hall entered into the Agreement "with La Jolla Bancorp and its subsidiaries and affiliates, including Warren Properties . . . ." It further alleged: "Though the Agreement does not disclose the name 'Warren Properties, Inc.,' . . . La Jolla Bancorp was acting as agent for Warren Properties" and "the acts of La Jolla Bancorp were on behalf of and with the authority of Warren Properties."

In July 2011, Warren Properties filed a demurrer to Hall's cross-complaint solely on the ground that Bancorp and the Bank were necessary and indispensable parties.

On September 9, 2011, the court sustained the demurrer to the cross-complaint, finding that Bancorp and the Bank were necessary and indispensable parties because (1) Bancorp was "the party which did enter into Hall's Executive Employment Agreement dated 10/03"; (2) the Bank was "the party by whom Hall was also employed"; and (3) "[t]he La Jolla Bank entities are necessary to determine whether or not Hall is entitled to compensation under the Employment Agreement, as he alleges." The court gave Hall 10

6

days leave to amend to add Bancorp and the Bank as parties. Hall sought no relief by writ from that ruling.

On September 20, 2011, Hall filed an amended cross-complaint solely against Warren Properties, asserting the same claims for arbitration and damages under the Agreement. But Hall again did not name Bancorp or the Bank as parties. Despite the court's order, the first sentence of the amended cross-complaint alleged that Hall had the right to sue Warren Properties without naming the two parties the court ruled were indispensable.

Warren Properties made an ex parte request to strike the amended cross-complaint for failure to comply with the September 9, 2011 order. At oral argument, Hall continued to dispute that he was required to name Bancorp and the Bank. The court struck and dismissed the amended cross-complaint. Hall sought no relief from that ruling.

In light of Hall's refusal to name Bancorp and the Bank, Warren Properties later argued that the remainder of the action was moot and requested entry of a final judgment. After briefing and argument, the court agreed and ruled that there was nothing "left for the court to try in terms of a declaratory judgment . . . because Hall refused to join as cross defendants the parties with whom he had an arbitration agreement" and "[h]e clearly did not have one with Warren."

On April 13, 2012, the court entered a final judgment of dismissal of the entire action without prejudice, based solely on Hall's refusal to join Bancorp and the Bank. The judgment stated: "1. Both the Complaint and the Cross-Complaint are hereby dismissed. This dismissal of both the Complaint and Cross-Complaint is not on the

7

merits on any of the underlying causes of action asserted by either of the parties therein.

[¶] 2. This Final Judgment disposes of all claims and cross-claims in this action."

Hall did not appeal from this judgment.

On May 4, 2012, three weeks after entry of the judgment in the prior action, Hall filed a new complaint against Warren Properties, again seeking to compel arbitration pursuant to the Agreement, and again without naming Bancorp or the Bank as parties.[1] This time, Hall filed his complaint in the north county regional center of San Diego County Superior Court, where it was assigned to the Honorable Robert P. Dahlquist. Hall did not file a notice of related cases referencing the prior case filed in the central division.

In response to this second action, Warren Properties filed a notice of related cases, and also a motion to transfer venue of the action back to the central division before Judge Taylor. Hall filed an opposition to both the motion to transfer and the notice of related cases.

The court ruled that the issue of the related case should be decided by Judge Taylor. In October 2012, Judge Taylor ruled that the second action was a related case and involved the same claim Hall had asserted against Warren Properties by way of his cross-complaint in the prior action. Accordingly, Judge Taylor signed an order transferring the new action from north county to his department in the central division.

---

[1] Hall's complaint only attached the arbitration clause of the Agreement as an exhibit. The arbitration clause did not list the parties to the Agreement. Warren Properties subsequently requested judicial notice of the entire Agreement, which was granted.

8

Hall then filed a peremptory challenge against Judge Taylor under Code of Civil Procedure section 170.6. Counsel for Warren Properties notified the clerk in Judge Taylor's department that he would be filing an opposition. Before Judge Taylor received the opposition, however, the case was reassigned to the Honorable William S. Dato.

Warren Properties filed a motion for reconsideration of the Code of Civil Procedure section 170.6 disqualification of Judge Taylor. The court granted the motion for reconsideration, finding: "The challenge directed to Judge Timothy Taylor should not have been granted in the first instance because this action (Case 2) is a mere 'continuation' of prior proceedings before Judge Taylor involving the same parties and the same issues. [Citation.] Because no challenge was timely exercised in the prior case, Hall cannot resurrect an untimely challenge by filing a new action after the first case was dismissed without prejudice." The court also carefully explained the policy behind its ruling:

> "Indeed, sound policy considerations compel the conclusion that the dismissal without prejudice of a civil case cannot preclude a finding that the refiled case is a continuation of the dismissed case. Were the rule as argued for by Hall, plaintiffs could file cases and be assigned to judges for all purposes, declining to timely exercise any peremptory challenge. They could litigate their cases for substantial periods of time, gauging the effect of rulings on pretrial motions. If at any time they did not like the way the wind was blowing, they could voluntarily dismiss their case without prejudice and (assuming no statute of limitations considerations) refile their case. When, as would typically be the case, the matter was assigned to the same judge, they could file a [Code of Civil Procedure] section 170.6 challenge, thereby allowing them to relitigate any adverse rulings on pretrial motions. The detailed timing provisions of the statute – and specifically the requirement that a challenge in civil cases assigned to a judge for all purposes be exercised within 15 days – are designed to prevent such gamesmanship."

Accordingly, the court transferred the case back to Judge Taylor for further proceedings.

Hall filed a petition for writ of mandate challenging the court's order transferring the case back to Judge Taylor. We summarily denied the petition. (See *Hall v. Superior Court*, petition denied March 14, 2013, D063552.) Hall filed a petition for review in the California Supreme Court, which also was denied. (*Hall v. Superior Court*, review denied, May 1, 2013, S209516.)

Warren Properties then filed a demurrer to and a motion to strike the complaint, along with a request for judicial notice. The grounds for the demurrer were: (1) the court had already ruled that Bancorp and the Bank were necessary and indispensable parties in the prior action, and Hall had again failed to join them in the current action; (2) Hall was estopped from relitigating the joinder issue decided against him in the prior action; (3) Hall waived his claims for compensation under the Agreement by failing to assert them as compulsory counterclaims in a federal action against him; and (4) there was a defect or misjoinder of parties because Bancorp and the Bank were necessary and indispensable parties.

The grounds for the motion to strike were that Hall's new complaint was not "filed in conformity with the laws of this state, a court rule, or an order of the court." (Code Civ. Proc., § 436, subd. (b).) Specifically, Warren Properties argued that Hall had filed the new complaint in north county to circumvent Judge Taylor's ruling in the prior action that Bancorp and the Bank were indispensable parties.

In support of its motions, Warren Properties requested judicial notice of documents including the Agreement, the OTS order shutting down the Bank and

10

appointing the FDIC as its receiver, the federal complaint against Hall, and pleadings from the prior action.

On September 16, 2013, the court granted both the demurrer and the motion to strike as well as the request for judicial notice. The court noted: "Hall's conduct, which can charitably be referred to as forum shopping, is richly detailed in the learned opinion of Judge Dato of last February 22 . . . and need not be recounted here." The court ruled: "Defendant's requests for judicial notice are granted as prayed. The demurrer is sustained without leave to amend, and the motion to strike is granted. Leave to amend is denied because it does not appear to the court, given the roundelay of litigation described in part above, that plaintiff can under any circumstances cure the defects identified in the moving papers."

On December 30, 2013, the court entered a final judgment of dismissal. Hall timely appealed.

DISCUSSION

Hall insists that he is entitled to amend his second complaint as a matter of right. Hall is correct that, in general, a plaintiff shall be permitted to amend a complaint after a court has sustained a special demurrer to that complaint for failure to join indispensable parties. (See *Irwin v. City of Manhattan Beach* (1964) 227 Cal.App.2d 634, 638.) However, Hall's argument assumes that the issue presented here involves an original complaint, which was only subject to a single, special demurrer for failure to name indispensable parties. In other words, Hall either pretends his first cross-complaint never existed or asks us to ignore it. Unfortunately for Hall, we must review the issues

11

presented to us within the context of the record. Despite Hall's urging, we cannot disregard the previously filed cross-complaint.

Here, the superior court treated Hall's complaint filed in north county as a continuation of the previous filed cross-complaint. We agree with this approach. Both the cross-complaint and the instant complaint involved the same parties, alleged the same basic facts, and sought the same relief. (Cf. *Stephens v. Superior Court* (2002) 96 Cal.App.4th 54, 62-63; *McClenny v. Superior Court* (1964) 60 Cal.2d 677, 684.)

In viewing the instant complaint as a continuation of the previous cross-complaint, it is clear that Hall was given two opportunities to make a simple amendment to his pleading to add Bancorp and the Bank. For reasons he does not explain here, Hall steadfastly refused to do so.

In the previous action, Hall stubbornly defied the court's order by filing an amended complaint that insisted he did not have to add Bancorp or the Bank as indispensable parties despite the court's ruling to the contrary. The court subsequently struck the amended cross-complaint based on Hall's refusal to amend. Ultimately, the court dismissed the entire action without prejudice.

"An order sustaining a demurrer with leave to amend is not a final judgment and therefore not itself appealable. [Citation.] If a plaintiff fails or refuses to amend the complaint, the court will enter a judgment of dismissal from which an appeal to review the correctness of the ruling on the demurrer may be taken. [Citations.] [¶] When a plaintiff elects not to amend the complaint, it is presumed that the complaint states as strong a case as is possible [citation]; and the judgment of dismissal must be affirmed if

12

the unamended complaint is objectionable on any ground raised by the demurrer." (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 457.) Thus, when the court dismissed the amended cross-complaint and entered a judgment of dismissal based on Hall's refusal to amend, Hall could have appealed the court's ruling on the demurrer at that point. If he did so, he could have challenged the court's determination that Bancorp and the Bank were indispensable parties. Hall did not pursue any such appeal.

Instead of appealing the court's ruling that Bancorp and the Bank were indispensable parties, Hall attempted to avoid the ruling altogether and filed a "new" complaint in the north county regional center of the San Diego Superior Court. He then engaged in extensive litigation to prevent that case from being transferred back to the central division and Judge Taylor. Along the way, he could have attempted to amend his complaint, as a matter of right, to name Bancorp and the Bank. He did not do so.

When Hall's efforts to prevent the instant complaint from returning to Judge Taylor proved unsuccessful, only then did he concede that he would add Bancorp and the Bank and this concession was in response to Warren Properties' demurrer and motion to strike. We find two primary faults with Hall's approach.

First, the issue of whether Bancorp and the Bank had to be added as indispensable parties to any claim that Warren Properties be compelled to arbitrate with Hall under the Agreement was conclusively decided in the previous action. The court ruled those entities needed to be added to the cross-complaint. Hall refused, going as far as filing an amended cross-complaint declaring that he did not have to add Bancorp and the Bank as

13

parties. The court then struck the amended cross-complaint and ultimately entered judgment dismissing the action. At that point, Hall could have appealed the court's ruling. (See *Otworth v. Southern Pac. Transportation Co.*, *supra*, 166 Cal.App.3d at p. 457.) Hall thus waived that issue when he did not appeal.

Second, Hall engaged in blatant forum shopping in filing the "new" complaint in the north county regional center and failing to inform the court of the previous cross-complaint. Hall compounded his mistake by vigorously litigating the transfer of the case back to Judge Taylor, including filing a Code of Civil Procedure section 170.6 challenge to Judge Taylor. The "new" complaint clearly was a continuation of the previous cross-complaint and Hall does not explain why it should not be treated as such.

Also, we are unimpressed by Hall's efforts before us. He intentionally omitted any mention of the previous cross-complaint or the litigation involving the transfer of the instant complaint back to Judge Taylor, thus falling well short of his obligations under California Rules of Court, rule 8.204(2)(C).

Simply put, Hall, through gamesmanship and chicanery, attempted to avoid a ruling he did not like. After his efforts proved fruitless, Hall finally conceded and claimed to be willing to add Bancorp and the Bank as indispensable parties. If we reverse the judgment here, we countenance Hall's tactics. We will not do so. Based on the entirety of the record, Hall has had three opportunities to allege a valid claim against Warren Properties. For his last two chances, he merely had to add Bancorp and the Bank as additional parties, but he chose not to do so. Instead, he engaged in forum shopping and all but misled the superior court in the process in the hope that he could avoid a

14

previous ruling against him.  We agree with the superior court that Hall should not be allowed yet another opportunity to do what he has refused to do on two prior occasions.

From the foregoing it appears that the order sustaining Warren Properties' demurrer and granting its motion to strike the complaint, and the ensuing judgment of dismissal, was without error.  As such, we need not resolve the remaining contentions of the parties to this appeal.

DISPOSITION

The judgment is affirmed.  Warren Properties is awarded its costs on appeal.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

15